STAFFORD vs. McMILLAN and another.

PRACTICE.    *Vacating judgment upon default to let in answer.*

Where defendants neglected to answer in season, relying on plaintiff's promise to call at their office "and fix the matter up," it was not an abuse of discretion to set aside the judgment and let in the answer, merits being shown.

APPEAL from the Circuit Court for *La Crosse* County. Action to recover the value of certain hay alleged to have been sold by plaintiff to defendants.    The summons and complaint were served personally upon the defendants, and on the 29th of June, 1868, judgment was taken in default of an answer, for $335, with interest and costs. Execution was issued August 24th, and levied the same day upon pine saw logs belonging to the defendants, and the same were sold September 18th for the full amount of the judgment.    In March, 1869, the defendants moved to set aside the judgment, execution and sale, and allow them to answer.    The motion was based upon affidavits as follows: 1. Of merits.    2. The affidavit of one of the defendants stated that the hay, at the time of the sale to them, was partnership property of the plaintiff and one Turner, and that, previous to the dissolution of the partnership, and before the commencement of the action, the purchase price was fully paid to Turner.    It further stated, that the reason why defendants did not answer the complaint was, that affiant "had a conversation with plaintiff in regard to the matter in controversy, and plaintiff told affiant that he would call at the office of defendants and fix the matter up; that defendants, relying upon said promise to call, did not take measures to answer the complaint, thinking the matter would be amicably adjusted without further trouble or expense; that plaintiff did not call upon defendants as he agreed to do,  *  *  and that defendants did not know any

thing about the entry of the judgment until about the 5th of October, 1868." It is further stated that the logs were sold at the execution sale for one-half their value; that they had not been removed from the place where they were at the time of such sale; and that, if defendants had known of the sale, they would have taken measures to prevent the sacrifice of their property. 3. The affidavit of Mr. Turner went to sustain the statements of the previous affidavit in regard to the ownership of the hay at the time of the sale thereof to defendants, and in regard to subsequent payment to him. On the hearing of the motion, plaintiff filed affidavits contravening all the statements of the defendants' affidavits, and showing that the sale was duly advertised, by posting notices thereof, at least twenty days previously, in four of the most public places in the town where it was made.

The court set aside the default, and permitted defendants to answer within twenty days, on payment of $10; but directed that the judgment, execution and sale should stand as security for plaintiff until the final disposition of the cause, and that in case defendants recovered judgment in the action, they should not recover back the costs taxed in the judgment already rendered. From this order the plaintiff appealed.

*B. B. French*, and *Montgomery, Tyler & Dickinson*, for appellant, contended that the order was an abuse of discretion, because the affidavits filed for defendants showed that they had not exercised a reasonable diligence (*Wooster v. Woodhull*, 1 Johns. Ch. 539; *Parker v. Grant*, id. 630; *Rogan v. Walker*, 1 Wis. 631; *Babcock v. Perry*, 4 id. 31); and because all the material facts in their favor, stated in their affidavits, were positively denied and contradicted by the plaintiff, thus creating an issue of fact which should have been tried by a jury, especially where the rights of a third person, the purchaser at the execution sale, had attached. *Cooley v. Gregory*, 16 Wis. 303; *McDonald v. Falvey*,

18 id. 571.   Again, the judgment having been wholly satisfied before the motion was made, there was no case in court upon which the court could act, at least on motion of the defendants.   *Frink v. Morrison*, 13 Abb. 80.

*E. H. McMillan* (with *Cameron & Losey*, of counsel), for respondents, contended that they had shown a case of "excusable neglect," within the provisions of sec. 38, ch. 125, R. S. (*Johnson v. Eldred*, 13 Wis. 482 ; *Butler v. Mitchell*, 17 id. 52 ; *Town of Omro v. Ward*, 19 id. 232); and that the order would not be reversed unless there was a clear abuse of discretion.   *Bean v. Moore*, 2 Chand. 44 ; *Rogers v. Wright*, 21 Wis. 681.

PAINE, J.   There was no abuse of discretion, and consequently no error, in letting the defendants in to answer.   There was some negligence on their part, but it was of that excusable kind which it was the object of the statute under which their motion was made, to relieve against upon just terms.   They were thrown off their guard by the promise of the plaintiff to call at their office "and fix the matter up."   It may have been imprudent for them to rely on it, but it comes with an ill grace from the plaintiff to say that their negligence in doing so was inexcusable.

The affidavit shows merits, and the order must be affirmed.

*By the Court.* — Order affirmed.