[PHILADELPHIA, FEBRUARY 2, 1835.]

HODGSON Administrator of BOYD, with notice to JOSEPH HODGSON terre-tenant, *against* GEMMIL Administrator of ELIZA GEMMIL, late HODGSON.

#### IN ERROR.

Testator devised to each of his grandsons, *A.* and *B.* a tract of land in fee simple, from and after their arriving at twenty-one years of age respectively, when they were to have possession of the land: subject each to the payment of a sum of money, making together four thousand dollars, on their arriving at age; which sum he bequeathed to his four grand-daughters to be equally divided amongst them and paid by his grandsons as they arrived at twenty-one years of age respectively.

One of the grand-daughters attained the age of twenty-one years after *A.* had arrived at majority, but during the minority of *B.* Her personal representative after *B.*'s coming of age brought an action for her proportional part of the legacy charged on *B.*'s land. *Held*, that he was entitled to recover.

THE defendant in error who was the plaintiff below, brought this action in the Common Pleas of Chester County to recover a legacy charged by the will of *James Boyd* on land devised to *Joseph Hodgson* his grandson, in favour of *Eliza Hodgson* his grand-daughter, who intermarried with *Hugh Gemmil* the plaintiff.

*James Boyd,* by his last will and testament, proved the eighteenth day of August, 1821, *inter alia* devised to his grandson *James Boyd Hodgson* as follows:— .

" Item. To my grandson *James Boyd Hodgson,* I give and devise the plantation and tract of land on which I live, containing one hundred and fifty acres more or less, together with a lot of wood-

(Hodgson Adm. *v.* Gemmil.)

land, containing six acres more or less, adjoining lands of *John Beachtel and others,* to hold to him, his heirs and assigns forever, from and after he comes to the age of twenty-one years, subject to the privileges which I have given to my beloved wife, and also subject to the payment of twenty-seven hundred and fifty dollars as is hereinbefore directed.

"Item. To my grandson *Joseph Hodgson,* I give and devise all my plantation, situate in upper Oxford township, containing one hundred and fifty acres of land more or less, to hold to him, his heirs and assigns forever, from and after he arrives at the age of twenty-one years, subject to the payment of twelve hundred and fifty dollars as is hereinafter directed, on the day he arrives at lawful age as aforesaid, being the day he is to get possession of said land.

"Item. To my four grand-daughters viz: *Mary N. Montgomery,* (before mentioned) *Eliza Hodgson, Jane B. Hodgson* and *Mary N. Hodgson,* I give and bequeath the aforesaid two sums of money, making together four thousand dollars, to be equally divided amongst them, share and share alike, and paid them by my said two grandsons as my said grand-daughters respectively arrive at the age twenty one years, without interest."

*Eliza Hodgson* intermarried with the plaintiff, and arrived at the age of twenty-one years on the third day of July, 1825, and died on the seventh day of February, 1826.

*James B. Hodgson* attained the age of twenty-one years on the twenty-seventh day of March, 1823, and took possession of the land devised to him under the will, and conveyed the same to his father *James Hodgson,* who as terre-tenant was sued and compelled to pay the proportional part of the said legacy of twenty-seven hundred and fifty dollars charged upon the said land in favour of the said *Eliza.*

*Joseph Hodgson* attained the age of twenty-one years on the fifteenth day of October, 1830, and took possession of the land devised to him under the will.

*Mary N. Montgomery* attained the age of twenty-one years on the eleventh day of November, 1832.

*Jane B. Hodgson* and *Mary N. Hodgson* are yet in their minority.

This action was brought by the plaintiff below administrator of *Eliza Gemmil,* late *Hodgson,* to recover the proportional part of the legacy charged upon the said real estate devised to *Joseph Hodgson,* with interest from the time the said *Eliza* attained the age of twenty-one years.

The judgment of the court below was in favor of the plaintiff: whereupon the defendant brought this writ of error.

*Lewis* for the plaintiff in error.—*Joseph* being still in his minority when *Eliza* arrived at twenty-one years of age, and became entitled to receive her legacy, she was bound to look for its payment to the

(Hodgson Adm. *v.* Gemmil.)

land devised to *James* as her only fund.    The will does not provide that the devisees shall each pay an equal fourth part of the sum charged on the land devised to him.    He contended that the legacy being charged on the land, and the legatee dying before *Joseph* came of age; which was the time appointed for the payment, the legacy sunk into the land ; and cited, 2 *P. Wms.* 612, *in notis.   Gordon* v. *Raynes,* 3 *id.* 134.  *Billingsley* v. *Wills,* 3 *Atk.* 219.  *Bruen* v. *Bruen,* 2 *Vern.* 439. (*Raithby's* ed.)  *Talbot's Cases,* 193-5.   6 *Cru. Dig.* 474.  tit.  *Devise,* ch. 18, sectlons 1, 2, 3, 4.   *Stone* v. *Massey,* 2 *Yeates,* 363.

*Smith* and *Dillingham contra.*—The devise to *Joseph* was vested and not executory.    His interest was immediate, although the pos⸗ session was postponed till he came of age.  *Kerlin* v. *Bull,* 1 *Dall.* 175.    *Goodtitle* v. *Whitby,* 1 *Burr.* 228.    He therefore took the land *cum onere,* and the legacy vested immediately.

Here the postponing the payment was evidently owing to the circumstances of the estate ; and for the convenience of *Joseph,* and not personal to the legatee : and therefore, according to the estab⸗ lished exception, the legacy must be raised.  *Lowther* v. *Condon,* 2 *Atk.* 127.    They further cited 1 *Vern.* 329.    *Talbot's Cases,* 117. 2 *Vern.* 617.    2 *Atk.* 507.    3 *id.* 319.    1 *Dall.* 8.

The opinion of the court was delivered by

Kennedy, J., who after stating the facts, proceeded as follows:— It is contended that the court below ought to have given judg⸗ ment in favour of the plaintiff in error.    First, because the testator having directed that the four thousand dollars should be divided equally among his four grand-daughters, and paid by his two grand⸗ sons to them, as they respectively attained the age of twenty-one years; and the twenty-seven hundred and fifty dollars charged on the land devised to *James B. Hodgson,* being the only part of the four thousand dollars which had become payable according to the terms of the will at the time *Eliza Hodgson* attained twenty-one, the time when she was to receive her legacy or fourth part of the four thousand dollars; that she therefore was bound to look to the land devised to *James,* as the only fund out of which she could receive her full share of the money; for *Joseph* not having then attained his age of twenty-one, was not entitled to have possession of the land devised to him, before which he was not bound to pay his twelve hundred and fifty dollars the residue of the four thousand.

The plaintiff below before the commencement of this suit recover⸗ ed from the alienee of *James,* one fourth of the twenty-seven hundred and fifty dollars charged on the land devised to him, and seeks now to recover only the like proportion of the twelve hundred and fifty dollars, charged on the land devised to *Joseph,* with interest thereon from the time that *Joseph* attained his age of twenty-one years.

(Hodgson Adm. *v.* Gemmil.)

It is perhaps not very distinctly indicated by the terms of the will that the devisees of the land should each pay an equal fourth part of the sum charged on his devise, to each one of the four grand-daughters as they respectively should attain the age of twenty-one years, but still I think it will bear such construction without militating in the least against what would seem to have been the intention of the testator as disclosed throughout the will. *Joseph* is most explicitly required to pay his twelve hundred and fifty dollars on the day he arrives at the age of twenty-one years. Now if it had been the design of the testator that any one of his grand-daughters attaining the age of twenty-one, before *Joseph* had arrived at that age, should receive her one-fourth of the four thousand dollars out of the twenty-seven hundred and fifty charged on *James's* land, it is perfectly clear there was no occasion for the testator requiring as he has, that *Joseph* should pay his twelve hundred and fifty dollars on the day that he should arrive at lawful age; because the twenty-seven hundred and fifty dollars coming from *James*, was greatly more than sufficient to pay *Eliza* the whole of her one thousand dollars; she being the only one of the four grand-daughters that could attain full age before *Joseph* would arrive at it. According to the construction then contended for on behalf of the plaintiff in error, he could not be called on to pay any portion of his twelve hundred and fifty dollars until the money charged upon *James's* land was exhausted, which is more than sufficient to pay the full shares of the two eldest of the grand-daughters in the four thousand dollars; consequently *Joseph* instead of being liable to pay at his age of twenty-one, upon his taking possession of the land as directed by the will, would not become so before the third eldest of the grand-daughters shall have attained her age of twenty-one, which would certainly be extending to him an indulgence of several years beyond that allowed by the terms of the will. Unless indeed the testator had intended that *Joseph* should pay to each one of the four grand-daughters the one-fourth of the twelve hundred and fifty dollars, and accordingly pay to *Eliza* her fourth of it on the day he should arrive at lawful age, it is not likely that any part of it would have been made payable at that time, because there would have been nobody then to receive it. And this accounts for the difference of phraseology used by the testator in directing the time of payment by *Joseph* from that used in the case of *James*. For *James* being older than any of the grand-daughters, would of course attain his full age before the time at which any of them, according to the will, would be entitled to receive her legacy, and is therefore not required to pay on the day he shall arrive at twenty-one years of age, as *Joseph* is. It is true that this construction does not make it requisite that *Joseph* should have paid the whole amount charged on his land at the time of his coming to lawful age, as the letter of the will would seem to require he should; nor can I perceive any construction that

(Hodgson Adm. *v.* Gemmil.)

would furnish occasion for it, but it renders it proper that a part of it should have been paid at that time, and therefore seems to coincide more closely than any other with the intention of the testator as expressed in his will.    Hence I think the first objection of the plaintiff in error is not sustainable.

The second is, that if any portion of the legacy bequeathed to *Eliza* be considered as charged on the land devised to *Joseph*, that portion of it, whatever it may be, has lapsed and sunk into the land for the benefit of *Joseph*, inasmuch as *Eliza* died before he arrived at the age of twenty-one years, the time limited for the payment of it.

It is perhaps not very easy to reconcile all the cases on this subject.    But still, notwithstanding the rule may be as contended for by the counsel for the plaintiff in error, where the money charged on the land or to be raised out of it, is intended for a marriage portion or an advancement at a particular age, and the legatee dies before marriage or the time limited for the advancement being paid, yet if it appears from the whole of the will or any part of it, that the testator intended it should be otherwise, the rule cannot obtain. The reason of the rule, if it has any, seems to be, that if the occasion for which the gift was designed should never happen, the gift itself ought not to take effect.    The first and leading case in support of this rule, is *Pawlett* v. *Pawlett*, 1 *Vern.* 321 ; which was followed by *Smith* v. *Smith*, 2 *Id.* 92.    *Yates* v. *Phettiplace*, *Id.* 416.    S. C. *Pre. Ch.* 140.    *Jennings* v. *Looks*, 2 *P. Wms.* 276.    *Chandos* v. *Talbot*, *Id.* 602, 612.    *Prowse* v. *Abingdon*, 1 *Atk.* 482.    *Van* v. *Clark*, *Id.* 510.    *Gawler* v. *Standerwuke*, 1 *Bro. Ch. Ca.* 106, in note to *Green* v. *Pigat*, and *Harrison* v. *Naylor*, 3 *Bro. Ch. Ca.* 108.    If however the devise of the land, upon which the legacy is charged, becomes vested either in possession or in interest immediately upon the death of the testator, and by the terms of the will is given subject to the payment of the legacy, the legacy must be considered likewise vested ; and if the legatee should die before it becomes payable it will pass to his or her representatives ; because in such case it is plain, from the terms of the will, that the legatee was as much the object of the testator's bounty as the devisee, and that the testator intended that the latter should take the land *cum onere*.    I consider this doctrine fully established by the cases of *Hutchins* v. *Foy*, *Comy. Rep.* 716 ; *Hodgson* v. *Rawson*, 1 *Ves.* 44, and *Godwin* v. *Munday*, 1 *Bro. Ch. Ca.* 191.    In *Hutchins* v. *Foy*, the legacy was charged on real estate, devised in remainder to *Foy*, the defendant, to be paid by him upon his becoming entitled to the possession thereof.    The niece married a person of the name of *Gover*, and dying afterwards before the remainder became vested in possession in *Foy*, *Gover* the husband took out administration to his wife, and assigned the legacy to the plaintiff in satisfaction of a debt.    The legacy was held to be transmissible because the remainder vested immediately in *Foy* upon

(Hodgson Adm. *v.* Gemmil.)

the death of the testator, who according to the will took it *cum onere,* and therefore the legacy became vested at the same time in the legatee. Lord HARDWICKE, who recognizes in *Hodgson* v. *Rawson,* 1 *Vesey,* 47, the principle upon which the legacy was adjudged to be transmissible in this case, says, " it was held'to be transmissible on this ground; that the remainder vested immediately by the death of the testator, and therefore the legacy vested in those to whom payable, and the devisee must take it *cum onere ;* it being equally intended that the legacy should be paid as that the devisee should have the estate :" and he accordingly ruled the legacy to be transmissible for the same reason in the case then under his consideration. So upon the same principle was the case of *Godwin* v. *Munday* decided. The testator there devised an estate to his -second son in fee, after the decease of his (the testator's) wife, with a proviso, that he should pay to the testator's daughter *Mary* one hundred pounds, to be paid within one year after the death or marriage of his wife; after the death of the testator *Mary* died leaving the wife still living, and held that it was a vested legacy in *Mary,* and that upon her death it was transmitted by operation of law to her representatives. Now the case under consideration here is similar in all its leading features to those just noticed, and falls directly within the same class, and therefore ought to be governed by the same rule. That the devise of the land to *Joseph Hodgson* was a remainder in fee vesting in interest immediately upon the death of the testator, can admit of no doubt, when compared with the cases of *Boraston,* 3 *Co.* 19. *Webb* v. *Hearing, Cro. Jac.* 415. *Manfield* v. *Dugard,* 1 *Eq. Ca. Abr.* 195, pl. 4. S. C. *Gilb. Eq. Rep.* 36. *Hayward* v. *Whitby,* 1 *Burr.* 228. *Satterthwaite* v. *Satterthwaite,* 1 *Bl. Rep.* 519, and *Kerlin* v. *Bull,* 1 *Dall.* 175. According to the principles laid down in all these cases, an estate in remainder vested in *Joseph* the instant of the testator's death, *subject* to the payment of twelve hundred and fifty dollars. He therefore took it *cum onere ;* and those to whom the money is directed to be paid, became invested at the same time with the *right* to receive their respective portions of it when the times limited for the payment thereof should come round.. Thus the remainder and the charge upon it vested at one and the same instant, which of itself goes to show that it was equally the intention of the testator that the legacies should be paid, as that *Joseph* should have the land. Besides, this construction seems to be necessary in order to carry into effect the plain intention of the testator, as manifested in other parts of his will, which was to divide his estate somewhat equally among his six grand-children, who would have inherited his estate in equal portions, as *tenants* in common, if he had died intestate. That he intended to place his four grand-daughters upon an equal footing with his two grand-sons, in the distribution of his estate among them, is pretty strongly evinced by his bequeathing to them

(Hodgson Adm. *v.* Gemmil.)

all equally the residue of his personal estate, after making provision for his wife out of it during her life, together with the rents which should be received by his executors from his real estate, up to the times respectively at which his grand-sons were to have the possession of it; hence I am inclined to think that the testator believing his two farms, which he ·devised to his grand-sons, could not be divided without injuring the value of them, therefore charged them with the payment of the four thousand dollars to his grand-daughters, for the purpose of giving to each of the six an equal portion of his whole estate.

There is also a second ground, if it were necessary to rely on it, upon which the recovery of the plaintiff below, perhaps might be sustained. It would seem according to the principle laid down in *King* v. *Withers, Gilb. Eq. Rep.* 27, that where a legacy charged upon land depends upon two contingencies, and one of them only happens, it is sufficient to have the legacy raised. This principle is mentioned with seeming approbation by Lord Hardwicke in *Lowther* v. *Condon, Barnard. Ch. Rep.* 329-30. 2 *Atk.* 129. Now in the present case it may be said, that by the will the payment of the legacy to *Eliza,* was made to depend upon two contingencies, that is, the attainment of twenty-one years of age by her, and again the attainment of the same age by *Joseph,* the devisee of the land; she having attained her age of twenty-one before her death, one of the contingencies at least happened in her lifetime, though the other did not, but has happened since and before the institution of this suit, and therefore the legacy became vested and transmissible.

But there is a third ground upon which the defendant in error is entitled to recover according to the authority of a train of cases that cannot be shaken or questioned. It is evident from the will that the postponement of the payment of the legacy to *Eliza* from the time she came of full age, until *Joseph* the devisee should arrivé at it, was not on account of the age of *Eliza* the legatee, but clearly from a regard to the convenience of *Joseph* himself and the circumstances of the estate charged with the legacy. The time of payment having then been postponed merely for the purpose of favouring *Joseph,* it would be unreasonable, if not unjust, to hold that the death of the legatee during such indulgence, should in effect give the legacy to him to the prejudice of her personal representatives. The first case in which the legacy seems to have been considered vested and transmissible on this ground is *King* v. *Withers, Talb. Ca.* 117. *Pre. Ch.* 348, which was affirmed in the House of Lords, 4 *Bro. Par. Ca.* 228, and recognized by Lord Hardwicke in *Lowther* v. *Condon,* 2 *Atk.* 128, 9, as well as acknowledged in the cases of *Butler* v. *Duncombe,* 1 *P. Wms.* 457. *Pitfield's case,* 2 *P. Wms.* 513. *Hutchins* v. *Foy,* 716. *Emes* v. *Hancock,* 2 *Atk.* 507. *Sherman* v. *Collins,* 3 *Alk.* 322. *Hodgson* v. *Rowson,* 1 *Ves.* 44. *Jeale* v. *Titchener, Amb.* 703. *S. C.* 1 *Bro. Ch. Ca.* 120, (in note.) *Tunstall* v. *Brachen,*

(Hodgson Adm. v. Gemmil.)

*Amb.* 167 . *Dawson* v. *Killet*, 1 *Bro. Ch. Ca.* 119, and many others not necessary to be mentioned.

.The Judgment is therefore affirmed.