(58 App. Div. 488.)

### CLOWES v. BERCKMANNS et al.

(Supreme Court, Appellate Division, First Department. March 22, 1901.)

1. APPEAL—WHEN LIES.

     An appeal does not lie from an order overruling a demurrer.

2. SPECIFIC PERFORMANCE—ADMINISTRATOR'S CONTRACT—ENFORCEMENT AGAINST HEIR.

     Specific performance of a specialty contract for the settlement of a copartnership business, executed by the administrator of a deceased partner without naming the heirs or referring to their interest, and requiring nothing to be done by them, cannot be enforced against an heir, nor can such heir be made a party to the contract by an allegation that she authorized the administrator to make it.

     Rumsey, J., dissenting.

Appeal from special term, New York county.

Action by George H. Clowes against Estelle L. Berckmanns and others. From an interlocutory judgment and an order overruling

defendant Berckmanns' demurrer to the complaint, she appeals.  Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Ira D. Warren, for appellant.
George E. Morgan, for respondent.

PATTERSON, J.  The defendant Berckmanns demurred to the complaint in this action on the ground that as to her it did not state facts sufficient to constitute a cause of action.  The demurrer was overruled, and from the order and the interlocutory judgment she appeals.

The appeal from the order must be dismissed.  An appeal does not lie from such an order.  The action is for the specific performance of a contract which had been partially executed; the plaintiff alleging that he had complied with some of its important requirements, so far as they related to acts to be done by him.  It is alleged that the plaintiff and one Edward F. Randolph, prior to December, 1898, were co-partners in business in the city of New York, and that that co-partnership carried on a very extensive and valuable business, and was possessed of property and assets of very great value; that Edward F. Randolph died in December, 1898, leaving a last will and testament, which was duly admitted to probate in the city of New York, and in and by which the defendant Obadiah W. F. Randolph was appointed executor.  The will of the testator is set forth in the complaint, and it appears thereby that such testator gave certain legacies, but made no disposition of his residuary estate. but died intestate in regard thereto; that the defendant Obadiah W. F. Randolph was appointed administrator with the will annexed.  It is set forth that a large portion of the property and estate of which the testator died intestate was his undivided interest or share in the property and assets of the co-partnership of which he and the plaintiff were the members.  It is further alleged in the complaint that the defendant Berckmanns is one of the next of kin, and entitled to share in the residuary estate.  The complaint further states that in or about the month of July, 1899, for the purpose of securing and preserving the property and assets of the co-partnership, and the value of the good will of the business, and the respective interests therein owned and possessed by the plaintiff and by the defendants as administrator and as legatees under the said last will and testament and as next of kin and legal representatives of said Edward F. Randolph, deceased, and for the purpose of effecting a division of said assets and property, and for the purpose of adjusting and settling the account between "this plaintiff, as surviving partner of said co-partnership, and the estate of Edward F. Randolph, deceased, this plaintiff and the said Obadiah W. F. Randolph, on his own behalf and as administrattor with the will annexed as aforesaid, and, as plaintiff is informed and believes, as the attorney in fact and agent of each of the above-named defendants other than himself, * * * and thereto by them and each of them in that

behalf and for that purpose theretofore duly authorized and empowered, made and entered into an agreement whereby it was, among other things, agreed," and then follow the terms of an agreement. It is further alleged that in and by said agreement so as aforesaid made and entered into by and between the plaintiff and said Obadiah W. F. Randolph individually and as administrator as aforesaid, and as agent and attorney in fact as aforesaid, and as an inducement to and the consideration for the agreement of this plaintiff to transfer the assets, property, and good will of said firm, it was further agreed by the said Obadiah W. F. Randolph, on his own behalf, and as such administrator, and as attorney in fact and as agent of the other defendants as aforesaid, that he would do certain things specifically set forth in the complaint. The complaint further alleges that thereafter, pursuant to the terms of the agreement, and on or about August 1, 1899, the plaintiff did certain things in performance of the agreement, and thereupon "the said Obadiah W. F. Randolph, for himself, and as administrator, and as such attorney in fact and agent for all of said defendants other than himself, * * * and thereto by them and each of them specially authorized and empowered, made, executed, and delivered to this plaintiff an agreement in writing, dated August 1, 1899, in accordance with and embodying and setting forth in detail the terms and provisions of the agreement so as aforesaid made by him with this plaintiff, being a part of the consideration, as aforesaid, for the acts and things agreed to be done and which had been done by this plaintiff in and about the aforesaid transfer of said property, a copy of which agreement is hereto annexed, marked 'A,' and made a part hereof, and reference is hereby made thereto with the same force and effect as if fully set forth herein." Annexed to the complaint is an agreement under seal, dated the 1st day of August, 1899, between the plaintiff and Obadiah W. F. Randolph, as administrator with the will annexed of Edward F. Randolph, late of the city of New York, deceased, and that agreement is executed under the seal of both parties to it; but no mention is made therein of any of the parties defendant in this action other than Obadiah W. F. Randolph, and its whole tenor and effect is to constitute merely a contract under seal between the administrator and the plaintiff. The complaint contains proper and sufficient allegations to maintain an action for specific performance against the administrator. The relief prayed for is as follows:

"Wherefore, and inasmuch as the plaintiff has no adequate remedy at law for the damages he has sustained and suffered through the refusal of said defendants to keep and perform their said agreement of August 1, 1899 [that being the sealed instrument], he prays the aid of this court that the said defendants, and each and every of them, may be adjudged and decreed to specifically perform the terms of their said agreement," etc.

It is apparent that, giving construction to all the allegations of this complaint, the plaintiff has sought to enforce specific performance of a sealed instrument, a copy of which is annexed to the complaint, and no other contract. There are allegations indicating that other parties, including the defendant Berckmanns, assented to Ran-

dolph, administrator, making the contract; but those allegations are not sufficient to charge that there was an independent enforceable contract made by them preceding the execution of the sealed instrument. All that took place before the execution and delivery of that instrument relates merely to an acquiescence of those other parties in the assumption by the administrator with the will annexed of the obligations to which he bound himself by the written contract. All that was agreed to by the other parties antecedent to the execution of that written contract was that the administrator might settle the co-partnership business on the terms embodied in the written agreement; and the whole structure of the complaint, including the prayer for relief, indicates that the plaintiff's right to specific performance is founded upon the specialty, he seeking to make the defendant Berckmanns and others interested as distributees of the residuary estate parties to the action because of their having agreed to certain things afterwards contracted for by the administrator with the will annexed. All that was understood between the plaintiff and the persons interested in the residuary estate was subsequently embodied in the contract of the administrator, who alone covenanted for the performance of its provisions. Such being the nature of the cause of action, as we construe the complaint, Mrs. Berckmanns is not a necessary or proper party. Specific performance could not be required of her, nor is she liable upon the instrument. There was no independent contract made by her by which she undertook to do anything, and she cannot be made a party to the sealed instrument by the allegation that she authorized the administrator to make the contract he did make with the plaintiff for the settlement of the co-partnership business. The action is for the specific performance of the sealed instrument, and the contract entered into is the contract of the administrator alone. Schaefer v. Henkel, 75 N. Y. 378; Briggs v. Partridge, 64 N. Y. 357. In that contract the demurrant is not named, nor is her interest referred to, nor is there anything required to be done by its terms which can be done by any other person than the administrator. We are, therefore, of the opinion that the demurrer should have been sustained.

The interlocutory judgment must be reversed, and the demurrer sustained, with costs in this court and in the court below, but with liberty to the plaintiff, on payment of such costs, to amend the complaint within 20 days after notice of taxation and entry of order upon this appeal. The appeal from the order is dismissed, with $10 costs.

VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ., concur. RUMSEY, J., dissents.