## BURCH *et al. v.* POPE.

1. Where a promissory note is traded before maturity to one who has no knowledge of any defect in the consideration thereof, a subsequent taker from him is protected against the defense of failure of consideration.
2. Under section 3702 of the Civil Code, in order for an alteration in a promissory note to defeat recovery thereon, it is not sufficient that the alteration be material ; it must also be intentional, and made by one claiming under the note, with intent to defraud.

Argued November 20, — Decided December 11, 1901.

Complaint. Before Judge Hart. Laurens superior court. January 30, 1901.

*Felder & Rountree, A. H. Davis, Akerman & Akerman,* and *W. M. Morrison,* for plaintiffs in error: The alteration in the note was material: 30 *Ga.* 129; 64 *Ga.* 221; 91 *Ga.* 827; 100 *Ga.* 136; *Dudley,* 243; 3 Rand. Com. Pap. § 1750; 60 Iowa, 65; 45 Wis. 373; 56 N. Y. 22; 100 Mass. 376; 1 Allen, 561. The burden was on the plaintiff to explain the alteration: 36 *Ga.* 479 ; 98 *Ga.* 472; 1 Gr. Ev. § 564 et seq.; Clark, Con. 686, § 284. The intention to defraud should have been left to the jury: 75 *Ga.* 373, and cases above cited. Notice on face of paper: 69 *Ga.* 355. Transfer after maturity, notice presumed: 1 *Ga.* 407; 15 *Ga.* 253; 25 *Ga.* 560. Altered note void even in hands of bona fide holder: 3 Rand. Com. Pap. §§ 1777, 1888. As to sufficiency of plea: 76 *Ga.* 629.

*A. F. Daley, J. K. Hines,* and *Ira S. Chappell,* contra: The plea was insufficient: Civil Code, § 3702; 91 *Ga.* 827; 103 *Ga.* 604; 109 *Ga.* 182. The alteration was not material, because the liability of the defendants was not increased or changed by it: 75 *Ga.* 374; 2 Am. & Eng. Enc. L. (2d ed.) 185. There is no evidence as to when the alteration was made, or who made it; there is evidence that the present payee is not responsible for it, and has gained no benefit under it. The court was right in directing a verdict: 65 Mich. 212; 2 Car. & P. 368; 81 Me. 44; Benj. Chalm. Dig. art. 247.

LEWIS, J. This was a suit by C. S. Pope against J. B., G. A., and M. D. Burch, upon three promissory notes signed by them, payable to J. A. Fretwell or bearer, indorsed by Fretwell to Pope, by Pope to Daniel, and by Daniel back to Pope. The defendants filed a plea in which they admitted that they had executed three notes

of the dates and amounts alleged in the petition, but claimed that the notes so executed were made payable to "J. A. Fretwell or order," and that, after delivery of the notes, Fretwell fraudulently altered them by striking therefrom the word "order," and inserting in its place the word "bearer," intending thereby to enlarge the negotiability of the notes; and that Pope and Daniel each in turn took the notes with notice of the fraudulent alteration.　They also set up in their answer that the consideration of the notes had wholly failed, and was illegal; and that the transfer from Pope to Daniel and from Daniel back to Pope was made long after the maturity of the notes, and with notice of all the defenses thereto.　A general demurrer to the plea was filed, which was sustained as to that portion which set up failure of consideration and the knowledge of Pope and Daniel of the defenses to the notes at the time of the transfers to which reference has been made.　The demurrer was overruled as to the remainder of the answer.　The case went to trial, and at the conclusion of the evidence the court directed a verdict in favor of the plaintiff for the full amount sued for.　To this ruling, and to the ruling of the court sustaining the demurrer to a part of their answer, the defendants excepted.

1. There was no error in striking that portion of the plea which set up failure of consideration; for it is nowhere alleged that, at the time of taking the notes from Fretwell, Pope had any notice of any such defect in them.　Of course this defense could not avail the defendants as against an innocent purchaser, and the knowledge of Pope, if acquired subsequently to the indorsement of the notes to him by Fretwell, would in no way affect his right to recover thereon.　It appears that the transfer of the notes from Fretwell to Pope was made only a few days after the notes were signed, and long before their maturity, while the knowledge sought to be brought home to Pope in the portion of the plea which was stricken on demurrer related to "the time of said last indorsement and transfer," which, it was alleged by the defendants, was "long after the maturity of said notes."

2. It nowhere distinctly appears from the evidence when or by whom the alleged alteration was made in the notes.　Fretwell, it seems, had left for parts unknown before the trial of the case,— at all events, his testimony does not appear in the record.　Two of the brothers who signed the notes testified that, when they signed,

the notes were payable to J. A. Fretwell or order, and that the change of the word "order" to "bearer" was made without their knowledge or consent. The third brother was not introduced as a witness. A witness who had contemplated buying the notes before they were transferred to Pope the first time testified that they were then payable to Fretwell "or bearer." Pope swore that they were so payable when he first got possession of them. There is no evidence in the record of any intention to defraud the makers of the notes, and it appears that each of the notes was duly indorsed by Fretwell: "For value received, I hereby sell and transfer the within note to C. S. Pope, without recourse on me;" a circumstance which certainly tends strongly to negative the idea of a fraudulent intent to enlarge the negotiability of the notes. "If a written contract be altered intentionally, and in a material part thereof, by a person claiming a benefit under it, with intent to defraud the other party, such alteration voids the whole contract, at the option of the other party. If the alteration be unintentional, or by mistake, or in an immaterial matter, or not with intent to defraud, if the contract as originally executed can be discovered and is still capable of execution, it will be enforced by the court." Civil Code, § 3702. In the case of *Hotel Lanier Co.* v. *Johnson*, 103 *Ga.* 604, where it was alleged, in defense to a suit on promissory notes, that the words "with interest at six per cent. per annum" had been fraudulently inserted in the notes after they were signed, Presiding Justice Lumpkin says: "Under section 3702 of the Civil Code, an alteration in a promissory note will not discharge the maker from all liability thereon, unless the same be material and made by a person claiming a benefit under the note, with intent to defraud." It seems, therefore, that under our law, in order for an alteration in a promissory note to vitiate the note, the following elements must unite: the alteration must be intentional; it must be material; it must be made by one claiming a benefit under the note; and it must be made with intent to defraud. The trend of authority outside of Georgia is to the effect that, as a general proposition, the alteration of the word "order" in a promissory note to make it read "bearer" is a material alteration, which will defeat recovery on the note. See Dan. Neg. Inst. § 1395; 3 Rand. Com. Pap. § 1750, and numerous authorities cited. But, as we have seen, the materiality of the alteration will not alone, in Georgia, vitiate the

instrument. In the present case, conceding that the alleged alteration was material, and leaving out of consideration the fact that there was a failure to bring home to Pope any notice of the alteration at the time that the note was transferred to him by Fretwell, there was no attempt by the defendants to prove that the alteration was made by any one claiming a benefit under the note, or that it was made with intent to defraud. It follows that the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. All the Justices concurring.*