38089.  SWAIN *et al. v.* HARRIS.

FELTON, Chief Judge.  1. "At any time before final judgment, the judge, in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court."  Code § 110-404 as amended (Ga. L. 1946, pp. 761, 778).

2. "While the Code, § 110-404, as amended, gives to the trial judge a broad discretion in setting aside a default judgment, this does not mean that he may act arbitrarily but that he must exercise a sound and legal discretion.  He may not open a default capriciously or for fanciful or insufficient reasons." *Davison-Paxon Co.* v. *Burkart,* 92 *Ga. App.* 80, 83 (88 S. E. 2d 39) and cases cited.

3. Where the defendant was personally served on December 6, 1957, with a copy of the petition and process in a suit on account, and no defensive pleadings were filed within the time required by law, and on April 21, 1958, the defendant filed a motion to open the default accompanied by defensive pleadings, and said motion sought to open the default on the ground of excusable neglect for the following reasons: "Said petition was served upon the defendant at a time when he was extremely busy, his occupation being seasonal in nature, and defendant, believing that he had until the next term of court to make his answer, neglected to do so until more than forty-five (45) days after service upon him.  Defendant further shows that plaintiff's petition fails to set out whether the plaintiffs in said case is a corporation, partnership, or individuals and that the case is therefore improperly stated.  Defendant comes now to answer said suit before plaintiffs have devoted any more time thereto other than filing same and before any effort has been made to declare same in default," such reasons do not constitute a reasonable excuse for failing to answer, and the court abused its discretion in allowing the default to be opened and the case to proceed to trial.  Proceedings and rulings subsequent to the opening of the default are nugatory and errors assigned thereon will not be considered.

*Judgment reversed.  Nichols and Bell, JJ., concur.*

DECIDED MARCH 10, 1960.

*William A. Zorn,* for plaintiff in error.