39801.   FIRST NATIONAL INSURANCE COMPANY OF
AMERICA v. THAIN.

Decided December 5, 1962.

*Isaac S. Jolles, Sanders, Thurmond, Hester & Jolles,* for plaintiff in error.

*Randall Evans, Jr.,* contra.

EBERHARDT, Judge. 1. Both parties agree that the case was in default at the time the motion to reopen was filed, although different reasons are advanced. Defendant's motion to reopen, as amended, alleged "excusable neglect" on its part, one of the grounds for opening a default under *Code Ann.* § 110-404. The plaintiff's general demurrer to the motion was sustained, the effect of which was to rule that the motion did not set out any excusable neglect on the defendant's part. Thus, the discretion which the trial judge is said to have by virtue of *Code* § 110-404, as amended, does not come into play.

What facts will be sufficient to constitute excusable neglect? "We would that we might deduce from the numerous cases some fixed rule by which to determine questions of this character, but the task is legally impossible . . . [and] 'cannot be determined by any fixed rule, but depends upon the circumstances of the case.' . . . The wide divergence apparently existing in the authorities is not the result or the evidence of a confusion of the law, but indicates merely the breadth of the field of the discretionary power which is vested in the judges in matters of this kind." *Sherman v. Stephens,* 30 Ga. App. 509, 519 (118 SE 567). See *Deen v. Baxley State Bank,* 192 Ga. 300, 303 (15 SE2d 194) and citations.

"Punctuality is a virtue of high order, but truth and justice

are even more exalted; hence the demand for punctuality in pleading should not be so strict as to prevent inquiry into truth and to deny justice where the delinquency is reasonably excusable. Therefore, while the law makes requirements of punctuality in pleading, it also usually makes provision for relieving against the penalties imposed for a lack of this virtue, when the interests of truth and justice require it. This may be said to be the general policy of the law." *Bass v. Doughty,* 5 Ga. App. 458, 460 (63 SE 516).

The general rule seems to be that " 'Excusable neglect' does not mean gross negligence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a reasonable excuse for failing to answer." *Brucker v. O'Connor,* 115 Ga. 95, 96 (41 SE 245); *Haynes v. Smith,* 99 Ga. App. 433, 435 (108 SE2d 772) and citations. It has been defined as "that neglect which might have been the act of a reasonably prudent person under the same circumstances." Tradesmans Nat. Bank &c. Co. v. Cummings, 38 N. J. Super. 1 (118 A2d 80, 82). It "implies not simply any, but reasonable . . . or excusable neglect as to, or . . . occasioned by, some fact, or something that has or has not been done, of which the complaining party ought to have knowledge, and which, if he had had such knowledge, might have prevented" the default. Skinner v. Terry, 107 N. C. 103 (12 SE 118, 119).

This is particularly applicable to a situation in which the neglect results from a reliance upon the action of the opposite party in obtaining what was supposed or thought to be a valid extension of the time within which to file defensive pleadings. Cf. Graves v. Hines, 106 N.C. 323 (11 SE 362, 363); Stafford v. McMillan, 25 Wis. 566, 568; *Landau Bros. v. Towery,* 51 Ga. App. 113 (3) (179 SE 647).

Applying these principles, was there excusable neglect by the defendant here? Two orders were obtained providing for an extension of time to file defensive pleadings; one for "an additional fifteen days" and another for forty-five days. The first order obviously extended the time for filing the defensive pleadings for fifteen days from the appearance day (September 10),.

although plaintiff makes a contrary contention.[2]  The language of the order determines its effect.  The second order, if valid, would have granted forty-five more days, making a total of sixty days extension granted by the court orders and placing the last day for filing defensive pleadings on November 9.

While a private agreement between counsel to extend the time to file pleadings is not binding,[3] a valid court order would be. See *Fraser v. Neese*, 163 Ga. 843 (5) (137 SE 550).  The second order (forty-five day extension) was ineffective because it was signed by Judge Earl Norman, who was not a Judge of Columbia Superior Court where the suit was pending, and the grounds for his exercising the authority not being stated or shown.[4]

---

[2]The basis of this contention is a letter written by plaintiff's counsel to Judge Anderson with a copy to defendant's agent. The body of the letter reads:

"I have agreed with the defendant in this case for an additional fifteen days for filing defensive pleadings, *to be dated from the time when you sign the order.* . .

"While defendant had asked for ten additional days, I realize it may take a little more time to negotiate the matter and I feel the fifteen days will serve better." (Emphasis added).

While the emphasized portion indicates that the fifteen days is to run from the date the order is signed, the order prepared by plaintiff's counsel and attached to the letter contains no such provision.  In addition, the second paragraph of the letter stating that the defendant asked for "ten additional days" supports our conclusion because a grant of · ten days from August 31, the date the order was signed, would have given the defendant one day *less* than the law allowed.

[3]Legislation passed since the event related here occurred has modified this rule to provide that the time for filing defensive pleadings may be extended for not more than thirty days by agreement between counsel in writing and filed with the clerk. *Code Ann.* § 81-312 (Ga. L. 1962, p. 687).

[4]Counsel for the plaintiff asserts, and we have no doubt of it, that the obtaining of the order from Judge Norman resulted from an inadvertence when he was obtaining his signature to orders in other cases, and that it was entirely unintentional. The attorney's letter of September 13, addressed to defendant,

*Code* § 24-2617; *Sharman v. Town Council of Thomaston,* 67 Ga. 246. Defendant alleges that it did not know it was in default until notified of that fact by the plaintiff's attorney on November 8, 1961, and that the cause of its default is the combined effect of the orders *procured by plaintiff.* We think that these facts constitute excusable neglect and it was therefore error to sustain plaintiff's general demurrer to the motion. Certainly the reason is sound in law and appeals to the judicial conscience, requiring a grant of the motion. See *Butler & Co. v. Strickland-Tillman Hdw. Co.,* 15 Ga. App. 193 (82 SE 815). Let justice be dispensed, not dispensed with!

2. The questions arising on the motion for new trial are not passed on in that a new trial must result because all proceedings after the demurrer was sustained were nugatory.

*Judgment reversed: Carlisle, P. J., and Russell, J., concur.*

---

stated: "Enclosed herewith is *Judge Anderson's* order granting additional forty-five days for filing defensive pleadings . . ." It is apparent that he thought he had secured an order from the proper judge.