50007. FLORIDA EAST COAST PROPERTIES, INC. v. DAVIS.

CLARK, Judge.
Plaintiff via immediate review certificate appeals from the grant of defendant's motion to open default.

The facts giving rise to this appeal are as follows: Plaintiff filed suit against defendant seeking actual and punitive damages and attorney fees for defendant's alleged tortious conduct. Defendant failed to answer the complaint within the time required by law and the case went into default. At the trial limited to the question of damages, a verdict was rendered by the jury awarding

plaintiff $2,127.99 general damages, $10,000 punitive damages and $2,500 attorney fees.

Before judgment was entered upon the verdict, defendant moved to open the default. Defendant asserted that "plaintiff and defendant were engaged in settlement negotiations as to all issues between the parties subsequent to the filing of the suit and prior to the same becoming in default and that he [defendant] was assured by plaintiff that such case would be dismissed prior to the date of default without necessity of a formal appearance in such case by the defendant." (R. 13)

At the outset of the motion hearing the trial judge informed plaintiff's counsel of his intention to set aside the jury's verdict on his own motion because he deemed it to be excessive; and that he would hear evidence on defendant's motion to open the default. He expressed his views thusly: "I'm going to set aside the jury verdict, in my opinion that is the only thing I can do, is to let him open up the default. On my own motion, I think I've got a right to grant a new trial in this case. I think I'm going to do that, I think that is far excessive and I'm not going to let this verdict stand. As a matter of fact, I have not signed the judgment in this case yet, but I would like to hear some evidence on the motion to open up the default." (T. 3)

Following presentation of evidence on defendant's motion, the trial court "decreed that the defendant's motion to open default is hereby allowed and that said case is hereby reopened under the discretionary power granted to the court under the provisions of § 55 (b) of the Georgia Civil Practice Act and the verdict rendered by the jury upon the trial of such case is hereby set aside. The defendant's answer and counterclaim attached to the motion as Exhibit 'A' is hereby allowed to be filed." (R. 21) This appeal followed.

1. "When the defendant here complied with the requirements of Section 55 (b) of the Civil Practice Act, and the trial judge from all of the facts determined 'that a proper case had been made for the default to be opened,' we cannot, under the facts, say that the trial judge abused his discretion even though there was no providential cause or excusable neglect. See *Brawner v. Maddox*, 1 Ga. App. 332, 337 (58 SE 278), where this court, in reference to

the old statute said: 'The wording of § 5072 is such that it conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, "where the judge from all the facts shall determine that a proper case has been made," etc. We cannot say that the learned judge abused the discretion as insisted by plaintiff in error.' [Cits.]" *Foster Co. v. Livingston,* 127 Ga. App. 317, 318 (193 SE2d 626). Accord, *Axelroad v. Preston,* 232 Ga. 836 (209 SE2d 178); *Lanier v. Foster,* 133 Ga. App. 149 (210 SE2d 326); *Avant v. Patrick,* 133 Ga. App. 708.

The foregoing principle is appropriate in the case at bar. At the hearing defendant testified that after he received the complaint, he resumed negotiations which he had previously commenced with plaintiff and plaintiff's counsel; that as a result of these negotiations and correspondence received from plaintiff's attorney, he believed the suit would be settled before trial; and that he did not, consequently, obtain counsel until after the case was in default. Having examined the evidence presented below, we cannot say that the grant of defendant's motion constituted an abuse of the trial court's broad discretion to determine that a "proper case" had been made to open the default. See *Broadaway v. Thompson,* 127 Ga. App. 600 (194 SE2d 342).

2. It cannot be said the trial court abused its discretion simply because the plaintiff's attorney took issue with defendant's testimony. "Where the judgment rendered, permitting the opening of a default, is based on conflicting evidence, the discretion vested in the trial court will not be controlled unless manifestly abused." *Evans v. Dennis,* 203 Ga. 232 (1) (46 SE2d 122).

3. The trial court's discretion to open the default was not diminished by the rendition of the jury verdict. Section 55 (b) of the Civil Practice Act (Ga. L. 1966, pp. 609, 659; Code Ann. § 81A-155 (b)) authorizes the trial judge, in his discretion, to open a default "At any time before final judgment. . ." It is only after final judgment that the trial court's discretion is limited in this regard.

See *Clements v. United Equity Corp.,* 125 Ga. App. 711, 712 (188 SE2d 923).

4. Plaintiff contends the trial court erred in setting aside the jury's verdict in the absence of a motion for new trial. This contention is based upon *Buchanan v. Nash,* 211 Ga. 343 (86 SE2d 111), wherein it was held that the lower court erred in setting aside a verdict upon defendant's motion to open default since such a motion is not the equivalent of a motion for new trial.

Prior to the enactment of the Appellate Practice Act of 1965, plaintiff's contention would have been meritorious because until the passage of that legislation a verdict could only be set aside by a motion for new trial or an equivalent motion; and the trial judge could not set aside a verdict ex mero motu. *New York Life Ins. Co. v. Cook,* 182 Ga. 409 (185 SE 711). However, in light of Section 16 of the Act (Ga. L. 1965, pp. 18, 30; 1973, pp. 159, 167; Code Ann. § 70-301) the authorities relied upon by plaintiff are no longer controlling and this legal contention is not now tenable. That section states, in part: "The court also shall be empowered to grant a new trial on its own motion within 30 days from entry of the judgment ..." Thus, a motion for new trial is no longer a prerequisite for the trial court to set aside a verdict and grant a new trial. The trial judge did not err in setting aside the jury's verdict.

5. We cannot say the trial court abused its discretion in setting aside the jury's verdict. See *Edgeman v. Thomas,* 132 Ga. App. 866 (1) (209 SE2d 658); *Blanchard v. Westview Cemetery,* 133 Ga. App. 262, 263 (1) (211 SE2d 135).

6. As the trial court correctly opened the default, it was proper to permit defendant to file a counterclaim with his answer. See Code Ann. § 81A-113 (f).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED JANUARY 9, 1975 — DECIDED FEBRUARY 12, 1975.

*Schwall & Heuett, Stanley M. Lefco,* for appellant. *Tarleton, Zion & Meiere, John J. Tarleton, Mark J.*

*Siskin,* for appellee.

