### 50974. JOHNSON v. DURRENCE et al.

EVANS, Judge.

Boysie Johnson, plaintiff, filed suit against Wayne Durrence, as defendant, to recover damages. The City of Soperton was thereafter made a party defendant. Presumably, the City of Soperton filed its defense timely, as the only question we have before us is as to whether Wayne Durrence may open a default, having failed to file timely defensive pleadings.

The sole ground urged by defendant Durrence for opening the default is *excusable neglect* in that he had been assured by the officials of the City of Soperton that it would be liable and responsible for any damages that occurred because of the project that existed between said two defendants. Defendant alleged that he, in good faith, thought that the matter would be taken care of by the City of Soperton, and therefore, he gave no consideration and

paid no attention to the complaint, resulting in his not filing defensive pleadings.

More than 15 days had expired since the case became in default, and the only way he could secure the opening of default was to get an order of judgment from the judge of superior court. Actually, he was served on April 22, 1972, and moved to open default on April 8, 1975 — which was almost three years after service had been made upon him.

The trial judge rendered an order permitting the default to be opened.

Under the recent case of *Houston v. Lowes,* 235 Ga. 201, there are three grounds under which a default may be opened, as follows, to wit: 1. providential cause; 2. excusable neglect; 3. where the judge, from all the facts, shall determine that a proper case has been made to open the default.

While defendant Durrence asserts as his sole ground for opening default that he committed *excusable neglect,* obviously, the lower court switched to the third and last ground under Code Ann. § 81A-155 (b) to afford relief, which ground is: "[W]here the judge, from all the facts, shall determine that a proper case has been made for the default to be opened."

Surely a trial judge cannot just act willy-nilly and without the exercise of any legal discretion whatever, open the default, and give as his reason that *a proper case has been made, when no case at all has actually been made,* proper or otherwise. If this be true, then nothing whatever need be shown which gives the trial judge a *legal discretion to act.*

A judge is always required *to exercise a legal discretion,* and in order to do that, some facts must be proven before him which warrant the exercise of legal discretion.

In *Miller v. Wallace,* 76 Ga. 479 (2a), 484, the right to exercise discretion is ably discussed: "The discretion to be exercised in such case is not an arbitrary and unlimited discretion like that confided to the Roman praetors, but, as remarked by Lord Mansfield in R. vs. Wilkes, 2 Burr., 25, 39, is such a 'discretion as, when applied to a court of justice, means sound discretion

guided by law. It must be governed by rule, not by humor; it must not be arbitrary, vague and fanciful, but legal and regular.' In Rooke's case, 5 R., 99 (b), it is said: 'And notwithstanding the words of the commission give authority to the commissioners to do according to their discretions, yet their proceeding ought to be limited, and bound with the rule of reason and law. For discretion is a science or understanding to discern between falsity and truth, between wrong and right, between shadow and substance, between equity and colorable glosses and pretences, and not to do according to their wills and private affections . . ." Headnote 2 (a) is as follows: "Under the discretion vested in him, no judge has authority to disregard or even to impair any acknowledged or established right of a party by its exercise, and if he does so, he abuses that discretion. The power ought to be exercised in favor of the party having the legal right, unless the circumstances of the case and the precedents established would justify the court, acting for the welfare of the child, in refusing it."

In *Griffin v. State,* 12 Ga. App. 615, 616 (5) (77 SE 1080) at page 620 (5), it is held that "An appeal to a judge's discretion is an appeal to his judicial conscience. This discretion must be exercised, not in opposition to, but in accordance with, established rules of law. It is not an arbitrary power, but one which must be exercised wisely and impartially. In its practical application in this State, judicial discretion is substantially synonymous with judicial power."

What are the facts here? The plaintiff wishes to keep defendant in default, and defendant has asked the court to grant him the right to open, not because of some trick, artifice, scheme, or fraud, practiced on him by the *plaintiff,* but he points to a third person, and asks that the plaintiff suffer because defendant's co-defendant did not take care of the matter. Even then he does not suggest that the City of Soperton told him or intimated that he should not file defensive pleadings after being served. The service of the complaint was notice to Durrence, defendant, to become active — which he did not do, but waited three years and asked for relief because of his own laches, and because of what someone other than plaintiff

had failed to do. Surely this could not come within the legal discretion a judge must exercise in determining whether a proper case for opening the default has been made.

Even if the City of Soperton had deceived Durrence, "[W]here no fiduciary relationship exists, misrepresentations as to a question of law will not constitute remedial fraud, since every one is presumed to know the law . . ." *Lewis v. Alderman,* 117 Ga. App. 855, 856 (3) (162 SE2d 440); *Swofford v. Glaze,* 207 Ga. 532, 535 (63 SE2d 342).

Further, it is a cardinal rule of law that one cannot plead fraud against A because B has misled or taken advantage of him. The plaintiff here has done nothing whatever to mislead defendant Durrence; Durrence does not allege that plaintiff has mistreated or is in anywise responsible for Durrence being in default *and yet the relief he prays is against the innocent plaintiff.* He prays — and the trial judge has granted his prayer — to open default against the plaintiff because his co-defendant about three or more years ago, promised to take care of the damages. By no stretch of the imagination can he come into court against plaintiff on such pretext. And we again repeat that he does not even contend the City of Soperton deceived him into failing to file defensive pleadings. As soon as the complaint was filed, Durrence, defendant, knew the City of Soperton had not taken care of the matter, and in every day parlance, "all bets were off."

It is more than a little important that Durrence does not even contend that the City of Soperton ever told him it would take care of the complaint — or the suit at law — but whatever was to be taken care of was antecedent to the filing of suit. After complaint was filed, Durrence, with eyes wide open, waited almost three years, and then said "The plaintiff did nothing wrong; but my co-defendant promised he would not let this matter go to suit; he would take care of it, and I would like for the court to determine that my neglect was excusable."

The trial judge abused his discretion in opening the default.

*Judgment reversed. Pannell, P. J., Deen, P. J., Quillian, Webb and Marshall, JJ., concur. Bell, C. J., Clark and Stolz, JJ., dissent.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED NOVEMBER 5, 1975.

*Malcolm F. Bryant, Jr.,* for appellant.

*B. Daniel Dubberly, Jr., Ogden Doremus,* for appellees.

STOLZ, Judge, dissenting.

In " *'Brawner v. Maddox,* 1 Ga. App. 332, 337 (58 SE 278) . . . this court, in reference to the old statute said: "The wording of § 5072 [now Code Ann. § 81A-155 (b)] is such that it conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, 'where the judge from all the facts shall determine that a proper case has been made,' etc. We cannot say that the learned judge abused the discretion as insisted by plaintiff in error." [Cits.]' *Foster Co. v. Livingston,* 127 Ga. App. 317, 318 (193 SE2d 626). Accord, *Axelroad v. Preston,* 232 Ga. 836 (209 SE2d 178); *Lanier v. Foster,* 133 Ga. App. 149 (210 SE2d 326); *Avant v. Patrick,* 133 Ga. App. 708." *Florida East Coast Properties v. Davis,* 133 Ga. App. 932 (1) (213 SE2d 79).

The foregoing principle is appropriate in the case at bar, in which the evidence supported the trial judge's finding of fact that defendant Durrence's failure to answer the complaint was caused by his good faith reliance upon the co-defendant City of Soperton's representation to him that it, and not he, was liable and responsible for any claim for alleged damages and injuries to the plaintiff.

We are fully cognizant and appreciative of the rules of law quoted by the majority from *Miller v. Wallace,* 76

Ga. 479 (2a), 484 and *Griffin v. State,* 12 Ga. App. 615, 616 (5), 620-621 (77 SE 1080). Neither of these cases involved the issues presented in this case. It is interesting that in *Griffin,* supra, immediately following that portion quoted in the majority decision, the court stated, "We say the judge did not abuse his discretion in refusing an injunction. Why? Because, under the law as applied to some theory of the evidence which the judge in his discretion had the right to accept as true, the injunction was properly refused . . . In no case of conflicting evidence will the judge's finding of facts be controlled by the reviewing court. But if, upon the facts as he found them, *the law demands that a particular judgment be rendered,* a contrary decision will always be reversed.

"The ruling so often made by the Supreme Court and this court that the discretion of a trial judge will not be controlled, unless manifestly abused, means simply that the reviewing court will not control his finding of facts upon conflicting evidence. If upon these facts an erroneous finding of law be rendered, it will be set aside, but if that judgment be sound as applied to his finding of facts, the reviewing court will not interfere." (Emphasis supplied.) *Griffin v. State,* supra, p. 621.

In the case before us, the trial judge, after consideration of evidence, review of the pleadings and argument of counsel, found the following facts:

"1. Defendant City of Soperton had informed Defendant Durrence that the City would be liable and responsible for any claim for alleged damages and injuries claimed by Plaintiff.

"2. The Defendant City had informed Defendant Durrence that Defendant Durrence was not liable and responsible for alleged damages and injuries to Plaintiff.

"3. Defendant Durrence in good faith relying upon the representation of Defendant City did not file any answer to the complaint within the prescribed time.

"4. The Defendant Durrence has paid all accrued cost in this proceeding.

"5. The Defendant Durrence has set up a meritorious defense.

"6. The Defendant Durrence has announced ready

to proceed with the trial of the issue."

Based on these findings of fact, the trial judge concluded:

"1. A proper case has been made for the default of Defendant Durrence to be opened.

"2. The motion of Defendant Durrence to open default is hereby allowed and that said case is hereby opened under the discretionary power of the Court under the provision of Section 55 (b) of the Georgia Civil Practice Act (Florida East Coast Cooperative [sic], Inc. vs. Davis, 133 Ga. App. 932).

"3. The answer of Defendant Durrence attached to the motion as Exhibit 'A' shall be deemed filed as, and constitute, the defensive pleadings of Defendant Durrence."

The majority opinion appears to be founded on the theory that defendant Durrence waited almost three years before seeking to open the default and answer the complaint. True, but during this same three-year period, the plaintiff did not make any effort to take a judgment in the case. It is well settled that a trial judge has a wider discretion in opening a default prior to judgment than after. *Brucker v. O'Connor,* 115 Ga. 95, 96 (41 SE 245). It is equally well settled that the Code section (Code Ann. § 110-404) providing for the opening of defaults " 'should be given a liberal construction, in the promotion of justice and the establishment of the truth; and the discretion of the trial judge in opening a default and permitting the defendant to plead will not be interfered with by this court unless manifestly abused, to the injury of the plaintiff. *Thompson v. Kelsey,* 8 Ga. App. 23 (68 SE 518); *Bass v. Doughty,* 5 Ga. App. 458 (63 SE 516); *Brawner v. Maddox,* 1 Ga. App. 332 (58 SE 278); Polerack v. Gordon, 102 Ill. App. 356; *Tucker v. Harris,* 13 Ga. 1 (58 AD 488); *Gray v. McNeal,* 12 Ga. 424; *Davis v. Bray,* 119 Ga. 220 (46 SE 90); *Burch v. Pope,* 114 Ga. 334 (40 SE 227).' *Tedcastle & Co. v. Brewer & Co.,* 19 Ga. App. 650 (1) (91 SE 1051). See also *Butler & Co. v. Strickland-Tillman Hdw. Co.,* 15 Ga. App. 193 (82 SE 815); *Sherman v. Stephens,* 30 Ga. App. 509, 518 (118 SE 567); *Bryant v. Elberton &c. R. Co.,* 20 Ga. App. 586 (93 SE 219); *Haynes v. Smith,* 99 Ga. App. 433 (108 SE2d 772); *Swain v. Harris,*

101 Ga. App. 263 (113 SE2d 467); *First Nat. Ins. Co. of America v. Thain,* 107 Ga. App. 100 (129 SE2d 381); *Kellam v. Todd,* 114 Ga. 981 (41 SE 39); *Brucker v. O'Connor,* 115 Ga. 95, 96, supra; *Ingalls v. Lamar,* 115 Ga. 296 (41 SE 573); *Green v. Whitehead,* 204 Ga. 274 (49 SE2d 527).

"Whether or not sufficient facts were alleged to authorize the exercise of discretion by the trial court on the grounds of providential cause or excusable neglect, the facts alleged in the motion for the opening of the default were sufficient to authorize the exercise of the trial judge's discretion under the third ground 'where the judge, from all the facts, may determine that a proper case has been made for the default to be opened.' *Butler & Co. v. Strickland-Tillman Hdw. Co.,* 15 Ga. App. 193, supra; *Sherman v. Stephens,* 30 Ga. App. 509, 518, supra. No injury to plaintiff is shown where there was no delay in the trial of the case. . ." *Strickland v. Galloway,* 111 Ga. App. 683, 685 (143 SE2d 3). Here, the plaintiff has not been injured. There would be no delay in the trial of the case. The trial judge had the parties before him, received evidence, reviewed the pleadings, and found that "a proper case had been made" to open the default. The majority of this court is now substituting their judgment for that of the trial judge. I believe this to be an unwholesome precedent, and dissent.

I am authorized to state that Chief Judge Bell and Judge Clark concur in this dissent.