THE COVINGTON MILLS COMPANY, plaintiff in error, *vs.* JOHN W. B. SUMMERS, administrator of ANDREW J. SUMMERS, defendant in error.

Where a case is fairly submitted to the jury, no principle of law violated, and it appears from the whole case that substantial justice has been done, a new trial should not be granted.

Assumpsit. Motion for new trial. Decided by Judge SPEER. Newton Superior Court. September Term, 1867.

Summers, administrator, sued certain persons composing The Covington Mills Company upon the following writing:

"COVINGTON, GA., July 22d, 1864.
"$15,611.00.
"One day after date Covington Mills Company promise to pay A. J. Summers, surviving copartner of Starr & Summers, or order, Fifteen Thousand Six Hundred and Eleven Dollars, value received in current funds.

W. F. KENNEDY,
Agent Covington Mills."

On the note was a receipt for $5,000.00, December 28th, 1864, signed by Mrs. Elizabeth Summers and by Mrs. Mattie Starr, by R. L. Williams; and another receipt for $1,000.00, 30th January, 1865, signed by nobody.

The plea was general issue. The record shows no plea.

On the trial, plaintiff read in evidence said writing, and examined as a witness ROBERT L. WILLIAMS, who testified that the writing was given for cotton, that some of it was delivered, (he did not know how much) some at an old storehouse in Oxford, Ga., where it was taken out and weighed and delivered to Kennedy on the day before the note was taken; that it was put back into the storehouse where there was other cotton, and on the day after the note was given the cotton was burned up; that he did not know the price at which the cotton was bought, nor the quantity, but thought there were thirty or forty bales; that Kennedy said he did not wish any more of the cotton delivered at the Factory,

was afraid it would be burnt, and would rather risk it where it was; that he (witness) had nothing to do with the delivery of any other cotton except that at the storehouse in Oxford; and that Confederate money was as compared with gold twenty for one. (He did not say at what time).

Plaintiff then testified, in his own behalf, that the note was given for cotton, at one dollar per pound; that the contract had been made some time before, and was only consummated on the day the note bears date; that he took the note as agent for A. J. Summers, who was then in Atlanta, in the army, and was wounded the day the note was made, and died one month afterwards; that he commenced delivering the cotton at the Mills, and hauled one day with two wagons, and thought they hauled two or three bales at a load, and about three loads each, (making about eighteen bales) to the Mill; that some of the cotton was delivered at Oxford and some at Stone's plantation in Walton county, that at Oxford being delivered by taking it out of the storehouse and weighing it, and that at Stone's plantation being delivered by defendant agreeing that it should remain there and be considered as delivered, (and then he gave the note); that there were in all thirty-three bales of the cotton; that the money was not demanded till October or November, 1865, because A. J. Summers was dead, and no administrator on his estate had been qualified; that at the date of the demand cotton was selling for about forty-five cents per pound; that, after the sale, cotton went up to $1.50 per pound in Confederate money, but was worth but little between the sale and the cessation of hostilities, because of its precarious condition.

Major S. ZACHARY testified for plaintiff, that in June, 1865, he was authorized to give ten cents per pound, in gold, for cotton, but would not try to purchase any till he was authorized to give fifteen cents per pound in gold, and at that price could not buy a bale; in November, 1865, he paid forty-five cents per pound on short credit for cotton, but for cash it could have been bought for forty-one cents per pound; from July, 1864, to the close of hostilities, cotton was worth

The Covington Mills Company *vs.* Summers.

but little, nobody would buy it, they feared it would be burnt or destroyed.

Plaintiff closed.

KENNEDY was examined as a witness for the defence. He testified that he was in Mississippi, and not in Georgia, until the close of the war, that he came back to Georgia in June, 1865, that cotton was then worth fifteen cents per pound in greenbacks, and went up to forty-one cents per pound.

Defendant also read in evidence the following receipt:

"OFFICE COVINGTON MILLS, Jan. 26th, 1866.

"Received of J. M. Kennedy, Treasurer Covington Mills, One Hundred and Fifty Dollars, on account Cotton.

J. W. B. SUMMERS,
Administrator of A. J. Summers."

The charge of the Court was as follows:

"The ordinance of the Convention made it my duty to allow to go to the jury in evidence the consideration of the contract, the value thereof at any time, the kind of currency in which the contract was to be discharged, and the value thereof at any time, and aided by these lights you are to find a verdict upon principles of equity between the parties. It is not in your province to substitute a new contract for the parties, but these lights are given you to enable you to arrive at a conclusion as to what was the true intention of the parties, and to find a verdict in accordance with that intention, on principles of equity."

The verdict was for $1,732.70 and costs.

Defendants moved for a new trial on the grounds that the verdict was contrary to evidence, etc., and against the charge of the Court and the law.

The Court refused a new trial, and defendants excepted, etc.

JOHN J. FLOYD, for plaintiff in error.

W. W. CLARK, for defendant in error.

WALKER, J.

There is no complaint that this case was not submitted fairly to the jury. The complaint is that the verdict is too large. The Judge before whom the case was tried appeared to be satisfied with it; and in looking into the facts as they appear in the record, we think justice has been done. This was a fit case for the jury "to adjust the equities between the parties," and they succeeded very well. Where no principle of law has been violated—and from the whole case it appears that substantial justice has been done—this Court is slow to disturb the verdict of a jury.

Judgment affirmed.