MERRIAM *vs.* THE CITY OF ATLANTA.

The first grant of a new trial will not be reversed by this court unless the record clearly makes it appear that the law and the facts require the verdict. In this case it would seem from the record that the verdict, at least as to part of the recovery, is wrong.

New Trial. Before Judge HILLYER. Fulton Superior Court. April Term, 1878.

To the report contained in the opinion, it is only necessary to add the following: Merriam claimed that a *fi. fa.* against one Wallace had been issued by the city, purporting to be for "balance on his city tax for the year 1875;" that some property had been sold thereunder, which he had bought for $225.00; that he was a creditor of Wallace, and paid the balance due on the *fi. fa.* and took a transfer of it; that in fact there was no assessment against Wallace on the tax books for 1875 corresponding to the *fi. fa.*; and the only assessment for that year was for $1278 12-100, for which a *fi. fa.* had been issued and paid off in full.

MARSHALL J. CLARKE, for plaintiff in error.

W. T. NEWMAN, city attorney, for defendant.

JACKSON, Justice.

This suit was brought by Merriam to recover $658.00 with interest, upon the ground that the city of Atlanta had transferred to plaintiff a tax *fi. fa.* against one John R. Wallace for that amount, which plaintiff alleged to be illegal

and void ; the jury found for the plaintiff the value of the *fi. fa.* with interest, and thereupon the circuit court granted a new trial, and plaintiff excepted.

This court reluctantly interferes in any case with the first grant of a new trial; and will never do so unless it plainly appears that the law and evidence demanded the verdict. In this case that has not been plainly made to appear to us. On the contrary, land at the price of over two hundred dollars was sold under the *fi. fa.* alleged to be illegal, to this plaintiff, and his title thereto seems to be good, because the execution was issued at the instance and by direction of Wallace who owned the said land, and who would, we think, hardly be permitted to recover it back from this plaintiff. The verdict certainly looks wrong as to that part of the recovery, as no pretence is made that plaintiff has been ejected from or cannot hold this lot so bought. As to the remainder of the recovery, the court might well, we think, have it tried over, for the reason that the facts are quite complicated, and the question involved in doubt, whether or not the execution was not valid when the purchase of it was made. The other execution may not have covered everything which defendant really owed taxes upon, and he may have had this issued to supply the deficiency. At all events the other had not been paid when this was issued, and the tax was then owing to the city.

Be this as it may, the whole case is involved in trouble and doubt ; the judge who tried it is dissatisfied with the verdict, and the elucidation of the truth and ends of justice would seem to demand a new trial. Therefore his discretion was not abused, and the judgment is affirmed.