## 11410.  CONSOLIDATED MERCANTILE CO. *v.* FALLS CITY CLOTHING CO.

An unauthorized surrender of a promissory note to its maker does not relieve him from liability to pay it.

The notes sued on in this case, which were produced by the defendant in response to notice from the plaintiff, were properly admitted as evidence for the plaintiff, over the objection that they were not in the plaintiff's possession or control when the suit was brought or at the time of the trial.

It was not ground for a new trial that the plaintiff's attorney was allowed to testify that a prior suit against the defendant on an open account (for which the notes sued on in this case were given) was withdrawn by him because the defendant's manager had testified by deposition that the defendant owed the notes and not the open account.

It was not error to direct a verdict for the plaintiff.

DECIDED MAY 12, 1920.  REHEARING DENIED SEPTEMBER 17, 1920.

Complaint; from Irwin superior court — Judge Eve.  February 3, 1920.

Application for certiorari was denied by the Supreme Court.

*H. E. Oxford, Quincey & Rice,* for plaintiff in error.

*Rogers & Rogers,* contra.

SMITH, J.  The plaintiff sued upon four promissory notes, seeking to recover principal, interest, and attorney's fees.  The defendant filed an answer, denying any indebtedness upon the notes sued upon, but alleging that if it were indebted to the plaintiff in any amount it was upon an open account.  The answer admitted that the notes sued upon had been given in satisfaction of the open account, but the defendant alleged that a prior suit had been filed upon the open account, and that, the plaintiff then being in possession of the notes, the defendant pleaded to the first suit that the notes had been given for the open account; and that thereafter the plaintiff had returned to the defendant and surrendered to it the notes, and later had dismissed or withdrawn the suit upon the open account.  Upon the trial of the case the uncontradicted

evidence showed the indebtedness, and that the four notes had been given for the indebtedness, but that the attorney for the plaintiff had returned the notes to the defendant. The original notes sued upon not being in the possession of the plaintiff at the time suit was filed, they were produced in response to regular and legal notice served upon the defendant by the plaintiff, and then introduced in evidence. H. L. Rogers, attorney for the plaintiff, testified that he had no authority to return the notes, and that he had done so by mistake. The notes were not indorsed by the plaintiff. Plaintiff's attorney testified, over objection of defendant's counsel, that T. L. Purvis, manager of the defendant company, had testified by depositions that the defendant owed the notes and not the open account, and that it was upon this statement or evidence of the witness Purvis that he withdrew the suit on the account and sued on the notes. There was no dispute as to the service of the notice claiming attorney's fees. T. L. Purvis testified for the defendant company that he was manager, secretary, and treasurer of the defendant company; that he was president and manager in 1915, and had been active manager since the business was organized; and that the account first sued upon had been closed up with the company's notes,— the notes sued on in this case. He also testified that " one other note had been given which had been paid," and that when the four notes sued upon had been delivered to him he considered that they were given in satisfaction of the debt. He further testified that " the debt has never been paid except by the notes which they returned to us. . . We got the goods and were satisfied when we closed up the account with the notes. I guess all we owed them on the former hearing was on these notes. . . If we owe Fall City Clothing Company anything now, it is represented by those notes. All that we owed them was settled by notes." *Held*:

1. The court did not err in admitting over objection of defendant's counsel the original four notes sued upon.

2. The court did not err in admitting the evidence of the witness Rogers complained of in the 2d ground of the amendment to the motion for a new trial.

3. " An unauthorized surrender of a note to its maker does not relieve him from liability to pay it." Crawford *v.* Moore, 28 Fed. 824 (6).

4. The evidence demanded a verdict for the plaintiff, and the court did not err in so directing.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*