27400. OLIVER *et al. v.* HEAD.

DECIDED APRIL 19, 1939.

*J. G. Collins*, for plaintiffs in error. *R. W. Smith Jr.*, contra.

SUTTON, J. B. M. Head brought suit against H. T. Oliver as principal and W. N. Oliver as surety on a note. The defendants pleaded that, besides the credits shown on the note, two payments had been made, namely, $384 on December 8, 1931, and $27 on June 1, 1933; and the only issue on the trial of the case was

whether or not such alleged payments had been made. The defendants admitted a prima facie case, and assumed the burden of proof. The jury found in favor of the defendants only as to the payment of $384. On motion a new trial was granted to Head, and to this judgment exception was taken by the defendants. It is contended that a verdict in their favor was demanded under the law and the evidence, and therefore that the judge abused his discretion in the first grant of a new trial.

It appears from the evidence that Head held the defendants' note in the original principal sum of $2000, against which payments had been made from time to time and entered on the note, leaving a balance due of $1637, according to the contention of the plaintiff. As to the $384 which H. T. Oliver claimed to have paid and for which no credit was entered on the note, in evidence of which payment the defendants introduced a receipt admittedly signed by Head on December 8, 1931, the plaintiff testified that he sought to have H. T. Oliver reduce the amount of the note by selling and paying to him the proceeds of certain cotton owned by Oliver, but that on account of the low price then existing, and believing that the price would increase, it was agreed between them that the cotton be stored in Head's name in a warehouse, the insurance and storage charges to be paid by H. T. Oliver, and that upon the cotton being sold later the proceeds, less expenses, would be credited on the note, and that at the time of the storage of the cotton they calculated the value of the cotton at that time, and, as a memorandum, Oliver prepared and had the plaintiff to sign a receipt for such amount, although in fact no money whatever was paid to him at that time; that in July, 1932, the cotton was sold, and, after the warehouse and other incidental expense had been deducted, the remainder of the proceeds, $334.50, was credited on the note; that the plaintiff presumed that the receipt for $384 had been destroyed, and thought no more about it until counsel for the defendants, when the plaintiff threatened to institute suit, called his attention to it and claimed that the Olivers were due a credit in that amount. H. T. Oliver testified that the $384 receipt had no connection with the cotton which was stored in the warehouse and subsequently sold, the net proceeds being received by the plaintiff and the amount credited in July, 1932, as $334.50, but represented an entirely different credit because of money or cotton which

he had delivered to the plaintiff, and that the plaintiff failed to enter the credit of $384 on the note.

It clearly appears, therefore, that there was a conflict in the evidence; and inasmuch as it could not be said that a finding in favor of the defendants was demanded as a matter of law, the discretion of the trial judge in the first grant of a new trial will not be disturbed. This principle of law is so well settled as to require no citation of authority, and is in fact recognized by counsel for the plaintiffs in error. But it is contended, although no objection was made to the explanation given by the plaintiff, that such parol testimony should be disregarded, and that from the written receipt it should be determined absolutely that H. T. Oliver had in fact paid Head the $384 in question. However, as early as 1868, it was held in *Dunagan* v. *Dunagan,* 38 *Ga.* 554, 560, that a receipt for money is, as a general rule, an exception to the principle that parol evidence is inadmissible to explain or contradict a writing unless it also be a contract. The Code, § 38-508, declares: "Receipts for money are always only prima facie evidence of payment, and may be denied or explained by parol." See also *Mallard* v. *Moody,* 105 *Ga.* 400, 405 (31 S. E. 45) ; *Atlantic Coast Line R. Co.* v. *Blalock,* 8 *Ga. App.* 44 (4) (68 S. E. 743). We can not subscribe to the view entertained by counsel for plaintiffs in error that the Code section, properly construed, can only mean that a "receipt" is inconclusive where there is mistake, fraud, duress, undue influence, or ambiguity. Many illustrations might be given where the elements mentioned are entirely absent, and yet where it would be unreasonable and unconscionable to refuse the signer of a "receipt" the opportunity of showing that it is not in truth what it purports to be. The cases cited by counsel for plaintiffs in error do not call for any ruling different from that here made.

It is further contended that the previous testimony of the plaintiff by deposition, as to which he was examined in the present case, impeaches his explanation of the receipt. Without discussing such testimony, it is deemed sufficient to say that the contention of counsel can not be upheld as a matter of law. No reason appears why the discretion of the judge in the first grant of a new trial in the present case should be disturbed.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*