28012.   HALL *v.* PROGRESSIVE LIFE INSURANCE CO.

·Decided February 29, 1940.

*Maddox & Griffin,* for plaintiff.

*Wright & Willingham,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) The burden is on the plaintiff to show accidental death. That is, the burden is on the plaintiff to show that the death was not suicidal. Suicide is intentional self-destruction. If the evidence points equally to suicide or accident, and the jury could not infer from the evidence whether the death was accidental or suicidal, the presumption against suicide would avail the plaintiff, and he would have carried the burden of proof that the death was not suicidal. If the evidence is sufficient to authorize an inference either way, that is, that the death was suicidal or was not suicidal, then, of course, the evidence is not conclusive that the death was suicidal and the evidence would authorize a verdict for the plaintiff. The only evidence tending to show that the death of the deceased was suicidal was that, while he was sitting on the rail of the bridge he said to tell his friends goodbye, and held out his hands and dropped into the river, and a statement by the deceased, on the morning of his death, to the driver of a cab in which he had been riding, to

the effect that the driver would not see him around any more, that the deceased told the driver to tell his friends goodbye, and that thereafter the driver heard that the deceased had "jumped in the river." Another witness testified that he was present when the deceased fell off the bridge and was closer to the deceased than anybody else, and that the deceased, without saying a word or doing anything at all, "commenced going over, leaning his body over slowly forward with his head down," and went off into the river. There was therefore presented an issue of fact as to whether the deceased, when he went off the bridge, made any statement, such as to tell his friends goodbye, and whether he had a suicidal intent. As to the statement testified to as having been made by the deceased to the driver of the taxicab, that the driver would not see him around any more, and to tell his friends goodbye, it could be inferred that the deceased had reference to leaving as a result of having been told by the police to go away or they would arrest him. Therefore it does not appear conclusively and undisputed from the evidence that the deceased jumped off the bridge, or that he went off the bridge with suicidal intent, or that he otherwise expressed an intention to kill himself.

There was evidence tending to show that the deceased was in good health, of even temperament, with no marital or financial difficulties, and with no motive to take his own life; that he was a man who loved his family and seemed contented with life; and that he had worked during the entire previous night, and on this particular morning appeared, not only to his brother, but to other witnesses, to be "sleepy." An eyewitness testified that the deceased "went over . . just like a man that would have been asleep," and that he looked just like a person asleep. There was evidence that both the insured and others were in the habit of sitting on the rail of the bridge in the manner in which the deceased was sitting at the time he tumbled, dropped, or fell therefrom into the river. There was some testimony that the deceased struggled when he first hit the water. There was testimony to the effect that he hit the water "flat." A jury could have drawn an inference from the evidence that the deceased did not intentionally drop or fall from the bridge, but that, while waiting for his brother to carry him home in his automobile, he sat on the railing, as he had done on previous occasions, and on account of his fatigued and drowsy condition,

from having worked all night, dropped ·off to sleep, and slipped from the bridge into the river; and that the force of his striking the water "flat" knocked the breath from his body and prevented him from struggling as ordinarily he might have done, and that therefore the death of the deceased was from accidental causes.

The evidence was therefore sufficient to authorize a finding that the deceased met his death by accident, and not by suicide, and the court erred in directing a verdict for the defendant.

*Judgment reversed. Sutton and Felton, JJ., concur.*