28741.   PROGRESSIVE LIFE INSURANCE COMPANY *v.* HALL.

SUTTON, J.   ■   In the present case in which suit was brought by the plaintiff beneficiary to recover double indemnity for the death of the insured, her husband, under a policy of insurance which provided for such payment on proof that the death of the insured was the result of bodily injuries sustained solely through external, violent, and accidental means, and in which the jury returned a verdict in favor of the plaintiff for the amount sued for, the evidence was substantially the same as that on the first trial of the case, as reported in *Hall* v. *Progressive Life Ins. Co.,* 61 *Ga. App.* 792 (7 S. E. 2d, 606), and in which it was held that the evidence was sufficient to authorize the jury to find that the insured met his death by such means, and not by suicide as contended by the defendant insurance company.   Accordingly, the trial judge did not err in overruling the general grounds of the defendant's motion for new trial.

■ Special grounds 1 and 2 of the motion for new trial are controlled adversely to the plaintiff in error by the foregoing ruling.   Grounds 4 and 5, attacking the sufficiency of the proofs of death for recovery of double indemnity, are without merit in view of the admission in the answer of the defendant that the plaintiff "has complied with all of the conditions of the policy requisite to the payment of the same," etc.   Special grounds 3, 6, 7, 8, and 9 raise, in effect, the objection that the court failed to submit to the jury the question whether or not the death of

the insured was due to natural causes, in which event the plaintiff, under the policy, would be entitled to only one half of the amount provided for double indemnity. The defendant admitted that the insured's death was caused by drowning, and the only issue made by the pleadings and the evidence was whether the deceased came to his death by accidental means or by suicide. In these circumstances the failure of the court to submit the issue as contended for in the special grounds of the motion for new trial was not error.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED FEBRUARY 15, 1941.

*Wright & Willingham*, for plaintiff in error.
*Maddox & Griffin*, contra.