Eagle Indemnity Company, Appellee, v. Otto C. Haaker, Appellant.

Gen. No. 40,582.

Opinion filed March 31, 1941.   Rehearing denied April 14, 1941.

FRANCIS M. LOWES, of Chicago, for appellant.

HETH, LISTER & FLYNN, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The appeal is by defendant from a judgment for $14,000 entered in favor of plaintiff in a summary proceeding under section 57 of the Civil Practice Act.

(Smith-Hurd Ann. Stats., ch. 110, par. 181, p. 485 [Jones Ill. Stats. Ann. 104.057]; Supreme Court Rules 259.15, 259.16.) The suit was brought to enforce defendant's constitutional and statutory liability as a stockholder of the Ashland-63rd State Bank. (Art. XI, section 6 of the Constitution of the State of Illinois; Smith-Hurd Ann. Stats., ch. 16½, § 6, p. 323 [Jones Ill. Stats. Ann. 10.06].)

The facts averred in the complaint as amended are that Henry I. Green, assignee, sued the bank on a written contract made between it and Andrew Russel on October 13, 1925, when the bank received from Russel for deposit to the credit of the Grant Park State Bank $25,000 in Liberty bonds, which it agreed to return at any time within 7 months on demand of Russel or his assignee; that October 15, 1925, Russel assigned this contract to Henry I. Green, who April 26, 1926, demanded the bank return the bonds to him which it refused to do. Whereupon, Green sued the bank in the superior court of Cook county, and October 23, 1929, recovered judgment for $29,326.40, which was reversed by this court (*Green v. Ashland Sixty-third State Bank,* 259 Ill. App. 662 (Abst.) ) but affirmed by the Supreme Court. (*Green v. Ashland Sixty-Third State Bank,* 346 Ill. 174.) The complaint averred that when the contract was made (October 13, 1925) defendant Haaker and other defendants were stockholders of record of the Ashland-63rd State Bank, which on January 29, 1930, transferred all its assets to the West Englewood Trust & Savings Bank, which suspended business June 9, 1931; was put into the hands of a receiver for liquidation and became wholly insolvent, and that the judgment remains wholly unsatisfied.

Defendant filed a verified answer of 20 paragraphs to which no replication was filed. Plaintiff made a motion for summary judgment. In support of the motion affidavits of Green, E. A. Curtis, John J. Flynn

and A. D. Weaver (for 9 years manager of the Chicago office of plaintiff company) were filed. In opposition defendant filed his own and the affidavit of John Kohlmann, who on October 13, 1925, was a director and the cashier of the Ashland-63rd State Bank. Judgment was entered and this appeal followed.

The facts alleged in the complaint as above recited were proved by these affidavits and not denied. Defendant says the judgment should be reversed.

First, it is said section 57 of the Civil Practice Act is not applicable to a suit of this kind. He says the section is applicable only where the suit is on a judgment for the payment of money, and that the contract between Russel and the bank was not for the payment of money but of bailment. This construction of the section is a clear misinterpretation of its language. The suits to which the statute is applicable are suits on contracts, express or implied, and judgments ''for the payment of money.'' Defendant cites *Ambler v. Whipple,* 139 Ill. 311, and similar cases which are not at all in point. The liability of stockholders of a bank to the bank's creditors created by the Constitution and statute of Illinois is contractual in its nature. *Bell v. Farwell,* 176 Ill. 489; *Golden v. Cervenka,* 278 Ill. 409; *Gahagen v. Whitney,* 359 Ill. 419. We hold section 57 of the Civil Practice Act is applicable to a suit of this kind.

Second, defendant contends since no replication was filed to the verified answer the answer must be taken as true. *Watt v. Cecil,* 368 Ill. 510, is cited. It holds in substance that where a replication has not been filed to new matter set out in an answer the new matter is to be taken as true. The same case also holds where the parties offer evidence on the issues, the replication will be regarded as waived. Rule 15 of the Supreme Court provides the affidavit of a defendant resisting entry of summary judgment ''shall not consist of conclusions but of such facts as would be ad-

missible in evidence and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto.'' The proceeding for summary judgment is an inquisition to determine whether there is any issue of fact to be tried. The pleadings should of course be considered, but the question to be determined is of fact to be ascertained by the evidence. The submission of affidavits by the parties waives the replication.

Defendant says the assignment of the Green judgment to plaintiff did not carry with it any right of action against Haaker as a stockholder of the bank. He says the right of action of creditors against a stockholder is primary, separate and apart from the right of action of creditors against the bank, and cites *Golden v. Cervenka,* 278 Ill. 409. He says his liability as a stockholder of the bank was primary and not secondary; that the stockholders are liable as partners, etc. He argues this case is different from a case where deposits in money have been made in a bank in that by such deposit the relation of debtor and creditor arises while here only the relation of bailor and bailee was created. He says the transaction of October 13, 1925, was wholly without the contemplation of any stockholder of the bank and, therefore, wholly without the provisions of the Constitution and statute declaring stockholders liable to creditors. *Fuller v. Ledden,* 87 Ill. 310; *Wincock v. Turpin,* 96 Ill. 135; *Golden v. Cervenka,* 278 Ill. 409; and *Brownsville v. Logue,* 129 U. S. 493, are cited. These cases do not so hold. The general rule in Illinois is that the assignee of an assignable judgment takes the judgment and incidental or collateral rights, remedies and advantages which existed at the time of the assignment. It was so held in *Lasher v. Carey,* 182 Ill. App. 147, a case where an assignee of a tort judgment was allowed to take out a *capias* for the debtor; in *Moore v. United States One Stave Barrel Co.,* 238 Ill. 544, where upon a bill in equity to enforce the liability

of stockholders of a corporation it was held that the assignee of the creditor could maintain the suit; in *Dimond v. Rogers,* 203 Ill. 464, where the assignee of a judgment was allowed to maintain a bill in his own name to reach property said to have been concealed by the judgment debtor.

In his reply brief defendant cites *Assets Realization Co. v. Howard,* 211 N. Y. 430, 105 N. E. 680, and *Buttner v. Adams,* 236 Fed. 105, to the point that a stockholder is not concluded by a judgment against the corporation where he was not a party to the suit. *Brownsville v. Logue,* 129 U. S. 493, and *Ward v. Joslin,* 186 U. S. 142, are cited and relied on. The *Assets Realization Co.* case construed the New York Statute, the *Buttner* case the California statute, both of which differ materially from the constitutional and statutory provisions of Illinois. These cases are also distinguishable on the facts.

The affidavits in support of the motion show judgments in the aggregate amount of $59,600 have been recovered by plaintiff against other stockholders in this suit and these judgments have been released and satisfied. Haaker says the effect of this is to release him from liability to plaintiff. This is not the case. The affidavits show clearly plaintiff has not been paid the amount actually due to it on its judgment. The releases, receipts, satisfactions, etc. are all subject to explanation. The rule applicable is well stated in 34 Corpus Juris 732: "However, as the entry of satisfaction is only in the nature of a receipt, it may be explained, qualified, or even contradicted by parol evidence, at least where the entry is by act of the parties rather than by order of court."

The affidavits of Mr. Weaver (manager of the plaintiff corporation) clearly state such explanation and qualification of these transactions and definitely show that the entire amount received by plaintiff from satisfaction of these judgments leaves still due and unpaid to plaintiff more than the amount for which

judgment was rendered. The affidavits were not denied. Defendant says this will have the effect of cutting off his right of contribution against other stockholders also liable. This is not necessarily true. No case so holding is cited. '

The question of contribution is not in this case. We shall not decide that question until it arises.

It is urged the contract of October 13, 1925, did not constitute either Russel or Green creditors of the bank within the meaning of the Constitution and banking statute; that since the relation was that of bailor and bailee the relationship of debtor and creditor did not exist and that the statute, therefore, is not applicable. The relationship has been settled by the judgment of the superior court. We hold defendant is bound thereby. Every defense defendant now seeks to urge against this liability was presented to the Supreme Court and the superior court in the original suit. We hold in view of the relationship existing between the corporation and the stockholder in the absence of fraud (not here alleged) the judgment against the bank is binding and conclusive on defendant. *Stoll v. Gottlieb,* 305 U. S. 165.

It is insisted defendant was not a stockholder at the time this liability was created to the extent for which he is held. The affidavits show without contradiction that he was a stockholder of record for 150 shares of the par value of $100. *Golden v. Cervenka,* 278 Ill. 409; *Rosenfeld v. Horwich,* 221 Ill. App. 304, are conclusive against defendant on this point.

The affidavits and the pleadings in this case (all of which were verified) conclusively showed that there was no defense to this action. The statute as to summary judgments was applicable and the court properly entered judgment summarily. The judgment will be affirmed.

*Judgment affirmed.*

O'Connor, P. J., and McSurely, J., concur.