SCHOFIELD *v.* LANGLEY.

DUCKWORTH, Chief Justice. This case involves the location of a boundary line between two adjoining lots, the petitioner praying for injunctive relief and alleging trespass to her land which will result in irreparable damage. By way of answer, the defendant also prayed for injunctive relief, alleging trespass and encroachment upon her property by the plaintiff. At the trial, a deed to the plaintiff, conveying her lot, was

introduced in evidence together with evidence of trespass by the defendant on the plaintiff's lot, and testimony, submitted by the plaintiff, as to the location of the dividing line. After the introduction of evidence the court directed a verdict for the defendant, and the plaintiff made a motion for a new trial, which was granted. The exception here is to the first grant of a new trial. *Held*:

On the first grant of a new trial Code § 6-1608 applies. *Ga. R. & Bkg. Co.* v. *Davis,* 103 *Ga.* 564 (29 S. E. 711); *Butler* v. *Sansone,* 138 *Ga.* 767 (76 S. E. 54); *Cullen* v. *Tyler,* 140 *Ga.* 79 (78 S. E. 332); *Massey* v. *Cleveland,* 141 *Ga.* 774 (82 S. E. 136); *Powell* v. *Palmer,* 186 *Ga.* 747 (198 S. E. 753). But the judge passing on the motion for new trial did not originally try the case, and his discretion is not as broad as it would be otherwise. *Shannon* v. *State,* 57 *Ga.* 482; *Neal* v. *Field,* 68 *Ga.* 534; *Cleveland* v. *Treadwell,* 68 *Ga.* 835; *Florida Central &c. R. Co.* v. *Grant,* 110 *Ga.* 328 (35 S. E. 271); *Werk* v. *Big Bunker Hill Mining Corp.* 193 *Ga.* 217 (17 S. E. 2d, 825). Nevertheless, he still has discretion to grant a new trial when the evidence preponderates against the verdict. *Brice & Co.* v. *Whitehurst,* 8 *Ga. App.* 291 (68 S. E. 107); *Georgia So. & Fla. Ry. Co.* v. *Bryan,* 15 *Ga. App.* 253 (82 S. E. 915). The verdict here was directed for the defendant, who introduced no evidence as to the location of the dividing line or of trespass. While the evidence of the plaintiff might be weak as to the location of the dividing line, she at least proved that the defendant had repeatedly trespassed on her land and this was not disputed by any evidence. Therefore it can not be held that the law and the facts required the verdict. Consequently the court did not err in granting a new trial.

*Judgment affirmed. All the Justices concur, except Almand, J., who is disqualified.*

No. 17211. OCTOBER 11, 1950. REHEARING DENIED NOVEMBER 15, 1950.

*Tye, Thomson & Tye,* for plaintiff in error.
*Robert B. Blackburn,* contra.