### 34520. METROPOLITAN LIFE INSURANCE COMPANY *v.* BROCK.

DECIDED MARCH 13, 1953—REHEARING DENIED APRIL 2, 1953.

*Wright, Rogers, Magruder & Hoyt,* for plaintiff in error.

*E. J. Clower,* contra.

GARDNER, P. J. According to the brief and argument of the defendant insurance company, the real question involved in both the original motion for a new trial and the amendment thereto is whether the verdict herein "is contrary to law and to the evidence and without evidence to support it." The deceased, husband of the plaintiff, had been a Church of God minister for some twelve years prior to his death. He had been, at the time of his disappearance some nine days prior to his discovery, holding a revival near Canton, Georgia, but lived at or near Rome, Georgia, and was apparently a happily married man with three children, and had no known worries or difficulties, financial or domestic, save that he was a little perturbed as to whether

or not he had correctly filled out his income-tax return. It appeared that the deceased fasted a good deal, and it also appeared that he liked very much to hunt, but had not done much hunting since coming to Georgia earlier that year. On December 12, 1949, the body of the insured was discovered on a lonely forest or woods road, slumped over in the front seat of his automobile, with a 16-gauge shotgun, single barrel, beside him, the same "sort of" between his legs, the end of the barrel just under his shirt about his chest, and his left hand resting under the gun and the right hand several inches from the trigger. The gun had been discharged, but there were no powder burns or marks on the deceased. There was a hole about the size of a nickel in the back of his mouth and some blood had come out of his mouth and nose. Several small leaden pellets were found in his mouth. There was no place at the rear of his head, showing where any bullets or shotgun load had emerged. No autopsy was held. The deceased had been a man of a cheerful and genial disposition and nature. There did not appear to be anything particularly worrying him. The day he disappeared the deceased had been to an acquaintance and borrowed the shotgun found at his side, together with some shells. All of these shells, counting the shell in the gun which had been fired, were found by his side on the front seat of the car. At the time he had asked this friend whether he owned a "short" gun or pistol, and upon being told "No," he said nothing else. The insured was not found in a good hunting locality. He was dressed in his regular clothes, the ones he sometimes preached in. In addition to there being no place in the back of the deceased's head or elsewhere showing where any shots or bullets had penetrated his head through his mouth, both his head and face were intact. The back of his head was soft as it would be if it had been struck several times with a heavy iron instrument, but the skin was not broken. There was no evidence that he was in bad health and was temperamental in any way.

It is insisted that from the foregoing facts a verdict finding that the deceased had committed suicide was demanded, and that the court ought to have directed the same. The plaintiff in error says that the verdict in favor of the beneficiary is contrary to law and without evidence to authorize the same. It is

urged that no other finding could be had from the foregoing except that the deceased committed suicide. With this we do not agree.

The burden of proof was on the defendant insurance company to establish to the jury's satisfaction that the deceased met his death as the result of suicide. "When the insurance company defends upon the ground of suicide, the burden is upon the company to establish such contention by a preponderance of the evidence." *Mutual Life Ins. Co.* v. *Durden*, 9 *Ga. App.* 797, 804 (72 S. E. 295), and cit. The facts in the present case are not similar to those in *Hall* v. *Progressive Life Ins. Co.*, 61 *Ga. App.* 792 (7 S. E. 2d, 606), although they are somewhat analogous. The evidence here was such that the finding of the jury that the death of the deceased was not suicidal was not without some evidence to support it. The circumstances were such that the jury were properly authorized to deduce that the deceased met his death at the hands of some other person or by some accidental means. "The law never presumes suicide," not even from "the fact of self-destruction." *Mutual Life Ins. Co.* v. *Durden*, supra. It seems that if the insured had placed the end of the 16-gauge shotgun barrel in his mouth and the same had been fired, the explosion would have produced far more evidence and signs than were found about the head and face of the deceased. The jury could have found that the explosion would have more or less destroyed the upper part of his head and his face, and certainly would have penetrated the back of his head. The man's head did not appear to have been subjected to a violent explosion of a 16-gauge shotgun in his mouth. The jury could have well inferred that the insured had been killed in some other manner and his body placed in the position in which it was discovered, and such inference was not without evidence to support it or unauthorized. It was, under the facts, reasonable. It was in harmony with the law and the physical facts and circumstances before the jury. A verdict that this insured had committed suicide, which is intentional self-destruction, was not demanded from the evidence as a matter of law. The fact that there were no signs of any struggle about and in the deceased's car, where the body was found, and that he had some cash money in his pockets, were properly considered by the jury, but were

not sufficient to demand a finding that the deceased had committed suicide. See *Mutual Life Ins. Co.* v. *Durden,* supra. The evidence here did not, as a matter of law, overcome the presumption against suicide. The present case is not like *New York Life Ins. Co.* v. *King,* 28 *Ga. App.* 607 (112 S. E. 383), *New York Life Ins. Co.* v. *Dutton,* 70 *Ga. App.* 783 (29 S. E. 2d, 638), *Hamilton* v. *Metropolitan Life Ins. Co.,* 71 *Ga. App.* 784 (32 S. E. 2d, 540), and *Martin* v. *Life & Cas. Ins. Co.,* 84 *Ga. App.* 618 (66 S. E. 2d, 754) and other cases. Such cases are not authority for the contentions of the insurer under the facts appearing in the present record. "The plaintiff must make out her case; but in so doing she can use the presumption against suicide which the law recognizes as arising out of the instincts of nature, one of which is the love of life. Where the fact of death is established, and the evidence points equally or indifferently to accident or suicide as the cause of it, the theory of accident rather than of suicide is to be adopted." *Travelers Ins. Co.* v. *Sheppard,* 85 *Ga.* 751, 801 (12 S. E. 18).

The verdict of the jury is therefore supported by the evidence and not contrary to the law for any of the reasons assigned; and none of the special grounds of the motion for a new trial shows any error. The defendant states that the latter are concerned with the question whether the evidence supports the verdict and are connected with the general grounds.

The court did not err in overruling the motion for new trial as amended.

*Judgment affirmed.* *Townsend and Carlisle, JJ., concur.*

### CORRECTION.

Page 304, line 9 from top: substitute "rehearing" for "a new trial."