37789. QUEEN *et al. v.* STATE HIGHWAY DEPARTMENT.

DECIDED SEPTEMBER 17, 1959.

*Walter V. Beasley, Robert K. Ballew,* for plaintiffs in error.
*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, William Butt, Herman J. Spence,* contra.

GARDNER, Presiding Judge. The record is replete with evidence of the value of the condemned land. One witness on be-

half of the condemnor valued the land at $10 to $12 and the value of the damage as making a total of $100 or possibly $300. Another testified that the damages should be $50; two others testified that it would be worth $500 to the condemnee; and the other witnesses for the condemnor testified substantially along this line as to the value of the property taken and the resulting damage.

Witnesses for the condemnee testified as to the value of the land and damage thereto as being from $5,000 upwards to $7,500, the testimony as to the value varying with each witness. The condemnee estimated the value of the house to be "at least $12,000 before the strip of land was taken, and immediately thereafter the value was estimated to be $3,500."

The petition, as twice amended, contains the general grounds and two special grounds.

In view of what we have reiterated hereinabove, the trial judge was within his discretionary rights in the granting of a first motion for a new trial. This is true although the trial judge did not go into specifics as to his reason for such ruling, but simply stated that the motion was granted as to each and every ground.

In view of this entire record, the facts of the two cases cited by the condemnee are not applicable, those cases being: *International Harvester Co. v. Felton*, 56 *Ga. App.* 290 (192 S. E. 464) and *Covington Mills Co. v. Summers*, 36 *Ga.* 615.

Where, as here, there is a conflict in the evidence, the discretion of the trial judge in the first grant of a new trial will not be disturbed. See *Oliver v. Head*, 60 *Ga. App.* 13 (2 S. E. 2d 716). In granting the motion for a new trial the trial judge stated in his order that the new trial was granted on all grounds, general and special, thus reflecting compliance with Code (Ann.) § 6-1608 (Ga. L. 1959, Vol. 1, p. 354), which section reads: "The first grant of a new trial shall not be disturbed by the appellate court if said new trial is granted in the discretion of the judge on general grounds, unless the plaintiff in error shall show that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the trial court; provided however, that the trial judge shall state

in all cases the ground or grounds upon which said new trial is granted and if said new trial is granted solely upon any one or more special grounds said grant of a new trial shall be reviewable by the appellate courts and shall be reversed if the trial judge committed harmful error in granting said motion on any special ground."

It is useless for parties to bring before this court the judgment of a trial judge granting a first new trial unless the case can be brought within the exceptions set out in Code § 6-1608.

Since the trial judge correctly stated that the motion was granted "on each and every ground thereof" and since we do not find that the court abused its discretion in the grant of a first new trial, we are constrained to affirm the judgment of the trial court. We are not passing on the special grounds since we are ruling that the court was correct in the grant of the first new trial, based on the ruling on the general grounds.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*