38071, 38072. COX *v.* INDEPENDENT LIFE & ACCIDENT INSURANCE COMPANY (two cases).

DECIDED JANUARY 25, 1960—REHEARING DENIED
FEBRUARY 10, 1960.

*James I. Parker,* for plaintiff in error.
*William M. Pate, Mitchell, Clarke, Pate & Anderson, William W. Mundy,* contra.

TOWNSEND, Judge. ■ The sole issue in this case is whether there is any evidence to support the finding of the jury that the death of the insured was caused by accident rather than suicide. In so far as drunkenness bears on this problem, the rule is as follows: "An accident, even though it be the result of that loss of perception produced by drink, cannot fairly be called the product of intent. But if the intent in fact exists, the other fact, that the man was maudlin from drink, and could have no very intelligent conception of his surroundings, does not help the

case; since the drunkenness is his own act, and society would be in great danger if one could escape the consequences of his acts by the plea of drunkenness." *Equitable Life Assurance Society* v. *Paterson,* 41 *Ga.* 338, 368.

■ The rule as to the effect of evidence on the presumption of law that an unexplained death is the result of accident rather than suicide is as follows: "The plaintiff must make out her case, and in so doing, she may use the presumption against suicide which the law recognizes as arising out of the natural instincts of man, one of which is his love of life. In a case where the fact of death is established and the evidence points equally or indifferently to accident or to suicide as the cause thereof, the theory of accident rather than suicide is to be adopted. This rule means that upon proof of a violent death, such as a death from a gunshot wound, where there is no evidence from which it can be inferred whether the death was accidental or suicidal, and therefore the evidence points equally either way, the presumption against a death by suicide obtains and comes to the aid of the plaintiff, and the jury is authorized to find that the death was due to accident; but in a case where there is conflicting evidence as to whether the cause of death was accidental or suicidal, and the jury would be authorized to infer from the evidence either way, this presumption disappears, although the fact upon which the presumption rests, which is a person's love of life rather than death, may still be considered by the jury in arriving at a conclusion." *Schneider* v. *Metropolitan Life Ins. Co.,* 62 *Ga. App.* 148, 152 (7 S. E. 2d 772).

■ While the evidence in this case is not in conflict in the sense that any witness contradicted another, the question of whether the deceased had an intent to do away with himself remains for decision, and all of the evidence as to his habits of life and state of mind point strongly to the conclusion that he did not so intend. It must therefore be decided whether the physical appearance of the body at the time it was found, which is admittedly consistent in every particular with death by suicide, is also so inconsistent with death by accident as to require a finding as a matter of law that it could not have resulted from accident, regardless of how improbable it may seem that a man such

as the insured was described to be would form an intent to take his own life. *Sovereign Camp Woodmen of the World* v. *Simmons*, 33 *Ga. App.* 566 (126 S. E. 891). It so happens that the only four cases we have been able to discover in our jurisdiction, where an insured was found shot by his own pistol through the head, under circumstances where homicide by some third party was not involved, the court has held as a matter of law that the death could not have been the result of accident. See *Gem City Life Ins. Co.* v. *Stripling*, 176 *Ga.* 288 (168 S. E. 20); *N. Y. Life Ins. Co.* v. *King,* 28 *Ga. App.* 607 (112 S. E. 383); *Martin* v. *Life & Cas. Ins. Co.*, 84 *Ga. App.* 618 (66 S. E. 2d 754); and *Fox* v. *Mutual Benefit Health &c. Assn.*, 61 *Ga. App.* 835 (7 S. E. 2d 403). Analysis of these cases shows that much stress was put on the fact that the insured could not *accidentally* have discharged the pistol or revolver, against the right temple, or, in one case simply "through the head," leaving powder burns. In the first three cases the facts showed a psychological condition or financial and other reverses serious enough to constitute a strong motive for suicide. No motive is discussed in the *Fox* case, but the facts show that the insured was sitting in his car at night and had removed the pistol from the glove compartment, so the physical facts differ markedly from this case. It is interesting to note that there the court commented that the insured was holding the weapon with his finger on the trigger, and that "if he had had his thumb on the trigger" a different decision might have been reached. In the above cited cases some emphasis has been put on the fact of powder burns. While there is no evidence here of the distance which the pistol would necessarily be from the entry point of the bullet in order to cause the appearance of powder burns, it is obvious that if a man is holding a pistol in his hand it will not be far from his head whether discharged accidentally or with intent at self destruction, and more evidence than this record contains would be necessary to make a showing that the powder burns found on this insured definitely point to one conclusion rather than the other. While the presumption against suicide may yield to a contrary inference, such inference must, by a preponderance of evidence, exclude the presumption as a reasonable hypothesis. *Jefferson Standard Life*

216

*Ins. Co.* v. *Bentley,* 55 *Ga. App.* 272 (3) (190 S. E. 50). See also *Metropolitan Life Ins. Co.* v. *Brock,* 87 *Ga. App.* 919 (75 S. E. 2d 663). The facts of this case do not, especially in the absence of any reasonable motive for self destruction, preclude as a matter of law the theory of accident. Accordingly, it was error for the court to grant a judgment for the defendant notwithstanding the verdict.

■ The amendment to the motion for new trial in this case amounts to no more than an amplification of the general grounds. The first grant of a motion for new trial will not be disturbed by this court where there is any evidence to support the contentions of the movant. Code (Ann.) § 6-1608; *Oliver* v. *Head,* 60 *Ga. App.* 13 (2 S. E. 2d 716). The judgment granting the motion for new trial is affirmed, this being a matter within the discretion of the trial judge.

*Judgments affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*