## 41339. SECURITY FINANCIAL CORPORATION v. BLACKWOOD.

HALL, Judge. In this case the plaintiff assigns error on a judgment granting the defendant's motion for summary judgment. To the plaintiff's petition seeking to recover the balance due

on a promissory note the defendant filed an answer and plea alleging that the indebtedness had been fully paid and satisfied, as shown by a "Satisfaction," executed by the plaintiff upon a deed to secure debt given to secure the note, reading: "The debt which this instrument was given to secure having been paid in full this instrument is hereby cancelled and the Clerk of the Superior Court of Fulton County, Georgia, is hereby authorized and directed to mark it satisfied of record." The defendant then filed a motion for summary judgment based on the pleadings. The plaintiff responded to the motion by affidavits showing that the plaintiff, at the defendant's request, had agreed to release its security for the note and execute the satisfaction to accommodate the defendant in the sale of a portion of the property described in the security deed, and that the defendant agreed to pay promptly the balance due on the note; that the satisfaction was given only for the purpose of releasing the property as security and to instruct the clerk to enter it as satisfied and was not intended to indicate that the note had been paid in full; that the officer of the plaintiff corporation who signed the satisfaction overlooked and was in error in signing the statement in the printed form that the debt had been paid in full; and that the debt was not and is not paid in full.

Receipts are only prima facie evidence of payment and may be denied or explained by parol. *Code* § 38-508; *Walters v. Odom,* 53 Ga. 286, 290; *Oliver v. Head,* 60 Ga. App. 13, 15 (2 SE2d 716). Words in a release placed upon a recorded security instrument importing payment of the secured indebtedness are not a contract but constitute a receipt, or evidence of payment of money, and can be contradicted by parol evidence. Berryman v. Dore, 43 Idaho 327 (251 P 757). The cancellation of a security instrument on the record is not conclusive as to the payment of the indebtedness secured thereby. Berryman v. Dore, supra; Medin v. Brookfield, 66 S. D. 209 (281 NW 97); Biggs v. Smith, 134 Fla. 569 (184 S 106); accord *Consolidated Mercantile Co. v. Falls City Clothing Co.,* 25 Ga. App. 358, 359 (104 SE 19); Drake Lumber Co. v. Semple, 100 Fla. 1757 (130 S 577, 75 ALR 687); Eagle Indemnity Co. v. Haaker, 309 Ill. App. 406 (33 NE2d 154).

Decisions cited by the defendant involving the avoidance of contracts on the ground of mistake are not applicable.

The trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*

SUBMITTED JUNE 9, 1965—DECIDED JUNE 15, 1965.

*Howard & Storey, Robert W. Storey,* for plaintiff in error.
*Tyler & Blackwood, John C. Tyler,* contra.