47437, 47438. WINN DIXIE STORES, INC. v. WHALEY
(two cases).
47439. WHALEY et al. v. WINN DIXIE STORES, INC.

EVANS, Judge. Mrs. Lillie Mae Whaley sued Winn Dixie Stores, Inc. for personal injuries alleged to have been sustained when she slipped and fell in defendant's store at Statesboro. Her husband, J. D. Whaley, brought a separate action against the same defendant for medical expenses, and for loss of consortium and services of his wife. The two cases were tried together.

The jury returned a verdict for Mrs. Whaley in the amount of $10,000; and for Mr. Whaley in the amount of $10,000. During the trial defendant moved for a directed

verdict in each case; and after verdict and judgment, moved for judgment notwithstanding the verdicts, and in the alternative, moved for a new trial. Thereafter, defendant amended his motion for new trial by adding special grounds thereto. After a hearing, the motions for judgment notwithstanding the verdict were denied. However, the court granted a new trial in each case based upon the general grounds and one special ground.

The defendant filed an appeal from the judgment refusing to grant its motion for judgment notwithstanding the verdict; and the plaintiffs filed a joint cross appeal from the judgment granting a new trial. However, three cases were filed in this court, Nos. 47437 and 47438, being separate cases of Winn Dixie against the two plaintiffs, and No. 47439, being the joint cross apppeal by both plaintiffs against the defendant, Winn Dixie. A certificate for immediate review was entered as to the single judgment of the lower court which is the subject matter of all three appeals. *Held:*

1. The appellate courts have held time and again that the first grant of a motion for new trial will not be disturbed where there is any evidence to support the movant, unless a verdict for the opposite party is demanded. *Code Ann.* § 6-1608; *Merriam v. City of Atlanta,* 61 Ga. 222; *Oliver v. Head,* 60 Ga. App. 13 (2 SE2d 716); *Cox v. Independent Life &c. Ins. Co.,* 101 Ga. App. 211 (4) (113 SE2d 228); *CTC Finance Corp. v. Holden,* 221 Ga. 809 (147 SE2d 427); *Martin v. Denson,* 117 Ga. App. 288 (160 SE2d 210).

2. Except in clear and palpable cases, the question of what negligence, as well as whose negligence is responsible for the injury, is always for determination by a jury. *Fortner v. McCorkle,* 78 Ga. App. 76 (50 SE2d 250); *Malcom v. Malcolm,* 112 Ga. App. 151 (144 SE2d 188). Thus, where as here, the evidence is conflicting as to whether or not the plaintiff was injured by her own negligence or that of the defendant, and where there is no evidence of accident or act of God, we cannot say that the evidence

demanded a verdict for the plaintiffs or the defendant. The court did not err in denying the motion for judgment notwithstanding the verdict.

3. Under the conflicting evidence in the record the court did not err in the first grant of a motion for new trial on the general grounds. *Oliver v. Head,* 60 Ga. App. 13, 15, supra; *Schofield v. Langley,* 207 Ga. 430 (61 SE2d 838).

4. None of the enumerations of error is meritorious.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 6, 1972—DECIDED OCTOBER 20, 1972.

*Harry H. Hunter, Robert S. Lanier,* for appellant.

*Allen, Edenfield, Brown & Franklin, James B. Franklin,* for appellees.