## 49699, 49700. EDGEMAN v. THOMAS et al.; and vice versa.

WEBB, Judge.

Plaintiff landlords instituted dispossessory proceedings against defendant tenant. The tenant counterclaimed for breach of duty to repair as provided for by the lease, claiming damage to her business ("ladies ready-to-wear") caused by water leaks, moisture, mold, mildew, foul odors, etc. The jury returned a verdict for the tenant in the amount of $18,150 less $2,100 unpaid rental, for a net verdict of $16,050. The trial court granted the landlords' motion for new trial on the ground that "the verdict of the jury is not supported by the evidence as to loss of profits claimed by defendant," but denied the landlords' motion for judgment n.o.v. The tenant appeals with a certificate of review from the granting of the new trial, and the landlords similarly cross appeal from the order denying the motion for judgment n.o.v. *Held:*

1. "The appellate courts have held time and again that the first grant of a motion for new trial will not be disturbed where there is any evidence to support the movant, unless a verdict for the opposite party is demanded. Code § 6-1608; *Merriam v. City of Atlanta,* 61 Ga. 222; *Oliver v. Head,* 60 Ga. App. 13 (2 SE2d 716); *Cox v. Independent Life &c. Ins. Co.,* 101 Ga. App. 211 (4) (113 SE2d 228); *CTC Finance Corp. v. Holden,* 221 Ga. 809 (147 SE2d 427); *Martin v. Denson,* 117 Ga. App. 288 (160 SE2d 210)." *Winn Dixie, Inc. v. Whaley,* 127 Ga. App. 381 (1) (193 SE2d 279). The verdict for the tenant was not demanded, and the grant of the new trial will not be disturbed. *Wooten v. Nash,* 126 Ga. App. 86 (190 SE2d 89).

2. While the evidence may not have supported the *amount* of the verdict returned, it did authorize a verdict for the tenant in *some amount.* There was evidence showing damage to the tenant's business caused by the landlords' failure to repair, and the record shows the dollar amounts of gross sales for the preceding four years and the average percentage of profit made by the tenant on those sales. This testimony meets the "reasonable certainty" test (*Crankshaw v. Stanley Homes, Inc.,* 131

Ga. App. 840 (2) (207 SE2d 241); *Gray v. Nelson Irrigation, Inc.,* 132 Ga. App. 503)), and the trial court did not err in overruling the landlords' motions for directed verdict and for judgment n.o.v.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 4, 1974 — DECIDED SEPTEMBER 20, 1974 — REHEARING DENIED OCTOBER 10, 1974.

*Harrison & Garner, G. Hughel Harrison,* for appellant.

*William J. Porter, Jr.,* for appellees.